THE STATE, WILLIAM B. FLAVELL, PROSECUTOR, v.
EUGENE BRITTON.

The civil power of a justice of the peace is wholly statutory, and where a power is not expressly conferred he does not possess it. The right to set off one judgment against another is the exercise of a purely equitable jurisdiction, which has not been given to a justice of the peace, and he cannot, therefore, order a judgment recovered in another court to be set off against a judgment recovered before him.

On application for *mandamus.*

Argued at June Term, 1893, before Justices VAN SYCKEL and REED.

For the relator, *R. T. & W. B. Stout.*

For the defendant, *William J. C. Chamberlain.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is an application for a writ of *mandamus* to compel a justice of the peace to set off a judgment recovered in the Monmouth Circuit Court against a judgment recovered before him in the court for the trial of small causes.

In *Brown* v. *Hendrickson,* 10 *Vroom* 239, and in *Schautz* v. *Kearney,* 18 *Id.* 56, this court declared that the doctrine, in virtue of which one judgment may be ordered to be set off against another not recovered in the same court, is a purely equitable one, which will be administered in all cases upon such equitable terms as will promote substantial justice. The power rests upon no positive statute or any fixed rule which compels the court to grant the application. It addresses itself to the discretion of the court, and in the exercise of that discretion, even where the set-off might legally be made, it will be refused, where it will work injustice.

The exercise of this power is subject to so broad a discretion that some of the courts have held that *mandamus* will not lie to review the refusal of a motion to allow one judgment to be set off against another. *Nicoll* v. *Nicoll,* 16 *Wend.* 446 ; *Wells* v. *St. Joseph Circuit Judge,* 39 *Mich.* 21.

The question is therefore presented whether, in the constitution of the court of small causes, any authority can be found for the exercise of the equitable jurisdiction which is invoked by the relator.

In *Munn* v. *Harrison,* 2 *Green* 183, Chief Justice Hornblower held " that justices of the peace are not *ex officio* au-

thorized to administer oaths of a civil nature or in the course of civil proceedings. All their civil duties, powers and authorities have been superadded by statute to their original common law jurisdiction as magistrates—they have no civil jurisdiction or power, except such as has been conferred on them from time to time by statute."

In *Schroder* v. *Ehlers*, 2 *Vroom* 44, Chief Justice Beasley, in discussing the limitation upon the power of a justice of the peace, declared that the authority of a justice of the peace is wholly ministerial—to prevent breaches of the peace and bring criminals to justice. His civil power is wholly statutory, and where a power is not expressly conferred he does not possess it.

Mr. Justice Depue, in *Rinehart* v. *Lance*, 14 *Vroom* 311, very clearly defines the range of jurisdiction of this inferior court. He says "it is an inferior court of limited jurisdiction, created by statute, with special statutory powers and a statutory method of procedure. Its jurisdiction is limited to certain civil actions in which amounts within a designated sum are involved. Every step in its procedure, from the summons to final judgment and execution, is specially provided for and prescribed." Finding no express statutory authority for it, this court, in the case last cited, denied to a justice of the peace, sitting in the court for the trial of small causes, the right to commit to prison as a punishment for contempt committed in open court.

There is no positive law enabling a justice of the peace to order a set-off in this case. In the absence of express legislation it must be held, under the authority of the cases in this court, that a power requiring the exercise of so broad a discretion, as well as a knowledge of equitable principles, has not been entrusted to this inferior court, and therefore the application of the relator is denied, with costs.