A. A. LINDHOLM v. ITASCA LUMBER COMPANY.[1]

January 31, 1896.

Nos. 9644–9645—(261–262).

**Judgment—Set-Off—Attorney's Lien.**

L. commenced an action against C. in Itasca county, and afterwards dismissed the action. He then commenced another action against C. in Hennepin county, and recovered a judgment for $567.17. About one year thereafter C. had the costs in the suit in Itasca county taxed against L., who appealed therefrom to the district court, and, pending such appeal, C. ap-

[1] Reported in 65 N. W. 931.

plied, on motion, to the court in Hennepin county, to set off the judgment for costs taxed in Itasca county against the judgment of L. obtained by him in Hennepin county. The attorneys for L., prior to such application, gave due notice of their attorney's lien for services rendered plaintiff in the action in Hennepin county. *Held*:

(1) That one judgment cannot be set off against another, pending an appeal from either, until the rights of the parties are fixed, and the judgment becomes final.

(2) That it is discretionary with the court to retain the proceedings until the judgment is perfected.

(3) Further, that as the proceeding for set-off was by motion, the facts in this case fully justified the trial court, in the exercise of its discretionary powers, in refusing to grant the set-off.

**Taxation of Costs—Notice.**

The prevailing party taxed the costs upon a notice served on Saturday, wherein the time set for taxation was 10 o'clock a. m. the ensuing Monday, which costs were inserted in the judgment entered. *Held*, that the taxation of costs was not void, but subject to be corrected upon proper application.

Appeals by defendant from an order of the district court for Hennepin county, Belden, J., and also from a judgment in favor of plaintiff.

*James A. Kellogg*, for appellant.

*True & Neal, Ludvig Arctander*, and *John W. Arctander*, for respondent.

BUCK, J. This is an appeal from an order denying the defendant's motion to set off a judgment for costs recovered by it in the district court of Itasca county for the sum of $397.36 against a judgment recovered by the respondent against it in Hennepin county for the sum of $567.17. The motion was heard on affidavits. Upon the hearing the court made and filed its findings of fact denying the motion to the extent of the claim of plaintiff's attorneys in the Hennepin county case for their fees and disbursements incurred by them in obtaining the judgment, which attorney's fees and disbursements amounted to $464.06. As to the balance of the judgment the motion was held in abeyance, it appearing that an appeal from the clerk's taxation of the costs in the Itasca county judgment had been duly taken to the district court in and for said county, and that such appeal was still pending and undetermined.

That the respondent's attorneys had a lien to the amount claimed

seems unquestionable, and the only question is as to whether it is superior and paramount to the appellant's right of set-off for its judgment against respondent for costs, arising out of a prior suit pending an appeal from such judgment. The verdict for the plaintiff was rendered May 11, 1895, and the judgment thereon entered June 25, 1895. The attorneys Arctander gave notice of their lien two days after the rendition of the verdict, and filed such notice June 12, 1895, and again gave notice of their lien on the 26th day of June, 1895, to the extent of $364.06, and filed such notice, with proof of service, with the clerk of the court. The other attorneys, True & Neal, about the same time gave notice of their claim of lien for attorneys' fees for services rendered the plaintiff to the amount of $100, and filed their notice in court. There is no serious controversy as to the amount or value of the attorneys' services, and the judgment in favor of plaintiff and against the defendant seems to be the fruit of their professional services.

The law seems to be quite well settled that courts, either of law or equity, may, even in the absence of any statutory authority, set off one judgment against another where the proceeding is either by action or motion, when the parties are the same. There does not appear to be any statutory authority for the district courts of this state to set off one judgment against another; yet this right of set-off has been held to exist by several decisions of this court, even where the proceeding was by motion. Temple v. Scott, 3 Minn. 306 (419); Irvine v. Myers, 6 Minn. 398 (562); Hunt v. Conrad, 47 Minn. 557, 50 N. W. 614. But the precise question raised here, viz. whether the court, upon application by motion, may exercise its discretion, and set off against a perfected judgment a claim of the kind presented by this record, does not appear to have been passed upon by this court.

Assuming that the attorneys had a lien upon the plaintiff's judgment against the defendant, it is claimed by its counsel that under G. S. 1894, § 6194, the lien is subordinate to the rights existing between the parties to the action or proceeding. What are the existing rights of the parties? The plaintiff is insolvent. It was through the labor, ability, and skill of his attorneys that the judgment was recovered. As long ago as the case of Read v. Dupper, 6 T. R. 361, Lord Kenyon said that it had been settled "that the party

should not run away with the fruits of the cause without satisfying the legal demands of his attorney, by whose industry, and in many instances, at whose expense, those fruits were obtained." Why, then, should the opposite party be permitted to do this unless he brings himself strictly within the provisions of the statute? Has it done this?

The judgment entered by the clerk of the court of Itasca county in favor of the defendant was wholly for costs. The grounds of objection to the taxation of a considerable portion of the defendant's costs are of a serious and apparently meritorious nature, and, if sustained upon the appeal, would materially reduce the amount of the defendant's judgment against the plaintiff. The defendant's attorneys took no steps to have its costs taxed against plaintiff for more than one year after the dismissal of his action, at which time its right to tax costs arose. It now seeks to set off an uncertain and undetermined claim, pending an appeal thereon in district court, against the plaintiff's judgment, and thus defeat the lien of the attorneys who had no notice of the defendant's judgment or claim for costs until after their lien had accrued. The rule laid down in Weeks, Attys. at Law, § 380, is as follows: "One judgment will not be set off against another while an appeal is pending." The rule seems to be founded upon reason. It is peculiarly applicable where the application is by motion, for there is no method of practice which would permit of the trial of the question of the amount to be set off where such amount was disputed and undetermined. And as there is no equity in depriving the attorneys of their lien, we think the facts which we have stated justified the trial court in exercising its equity powers by refusing to permit the set-off.

If the defendant desired to have its judgment for costs set off against the plaintiff's judgment, it should have procured a stay of proceedings as against the enforcement of the plaintiff's judgment, and then perfected its judgment, so that the amount would be certain and definite, and not have rested its case upon the presentation of an unliquidated claim as a set-off. The authority of the court to retain the motion undecided is undoubted. Irvine v. Myers, 6 Minn. 398 (562). It was also held in the last case that judgments should be set off against each other when they are final between the parties, and their rights fixed under them. There are

also numerous authorities to the effect that where a judgment creditor seeks by motion, instead of proceeding by action, to enforce a set-off of one judgment against another, the court may exercise its discretion, and grant or refuse such motion. Purchase v. Bellows, 16 Abb. Prac. 105; 2 Black, Judgm. § 1000, and cases there cited; 2 Freeman, Judgm. § 467. We think, upon the facts presented in this case and appearing upon the motion, the trial court, in the exercise of a sound judicial discretion, was fully justified in the order made, and it is therefore affirmed.

There is also brought here for review the taxation of costs in favor of the plaintiff, the prevailing party in the action. The notice of the taxation of costs was served on Saturday, June 22, 1894, and the time fixed in the notice for the taxation was 10 o'clock a. m. on the ensuing Monday, June 24, 1894. The principal ground of objection to the taxation of costs, and the only one argued here, is that the full statutory notice of two days was not given, as the intervening day, Sunday, should be excluded. Although there are many authorities to the effect that where the time in which a notice is to be given in less than one week, Sunday should be excluded in the computation of the time, yet that rule is not controlling in a case of this kind. This court held, in the case of Jakobsen v. Wigen, 52 Minn. 6, 53 N. W. 1016, that where judgment is obtained, and the costs taxed and inserted in the judgment without notice, the taxation is not void, but subject to correction upon proper application. If illegal or excessive costs were taxed, the defendant's remedy was to show that fact by application to the trial court, and there have the correction made, as an irregular taxation of costs would not bar his remedy for correction.

Order and judgment affirmed.