JOHN LUNDBERG v. ANDREW D. DAVIDSON.[1]

May 24, 1897.

Nos. 10,464—(132).

### Foreclosure of Mortgage—Insanity of Mortgagor—Equity.

Where, after the execution of a mortgage, the mortgagor became insane, and while in that condition the mortgage was foreclosed under the power, the foreclosure proceedings are regular in form and comply with the letter of the statute, but the mortgagee and the purchaser at the sale, who instigated the foreclosure, believing that the mortgagor, by reason of his insanity, would not be able to redeem, did, for the purpose of defrauding him, sell and bid off the property for a grossly inadequate price, the year to redeem expired, and no redemption was made by reason of the continuance of such insanity,—*held*, the sale is not absolutely void, but voidable in a court of equity, which, under such circumstances, requires from the mortgagee and such a purchaser a higher degree of fidelity towards the helpless mortgagor than does a court of law; that the only remedy of the mortgagor is an action in equity to set aside the foreclosure sale, and for leave to redeem, and he could not set up such cause of action as an equitable defense to an action of forcible entry and detainer, brought against him by the purchaser in the municipal court of Duluth, for restitution after the year to redeem expired, though the statute authorizes that court to try such an action where the title to real estate is involved; and the judgment in that action is not a bar to this action.

### On Motion for Set-Off.

July 9, 1897.

### Set-Off—Judgment—Discretion of Court.

A set-off of one judgment against another is not demandable of right, but is discretionary with the court, and will be denied when the court, in the exercise of its discretion, can see that an injustice will be done by granting it. This rule is not changed by G. S. 1894, § 6194, which provides that an attorney's lien on a judgment shall be subordinate to the rights existing between the parties to the action.

Appeal by plaintiff from an order of the district court for St. Louis county, Moer, J., denying a new trial. Reversed.

The action was brought against defendant as assignee of the State Bank of Duluth.

[1] Reported in 71 N. W. 395, 72 N. W. 71.

*Austin N. McGindley* and *J. H. Whitely*, for appellant.
*Schmidt, Reynolds & Mitchell*, for respondent.

CANTY, J. The complaint alleges that on March 1, 1890, plaintiff was the owner of two certain city lots in Duluth, free of incumbrance, and of the value of $10,000; that one Solomon Lundberg was the owner of another city lot in that city, of the same value, but already incumbered by a mortgage for $3,000; that on said day plaintiff and said Solomon made a joint mortgage on said three lots to one Hoopes to secure the payment to him of the sum of $4,000, for which they executed to him their promissory note; that through various assignments the mortgage came to be held by certain trustees; that plaintiff, about March 1, 1893, became insane, and continued to be insane and unable to transact or understand the purpose or effect of any business transactions until October 1, 1895; that, after said mortgage came to be held by said trustees as aforesaid, and on the 18th of August, 1894, they caused the three lots to be sold by the sheriff at foreclosure sale under the mortgage, pursuant to the power of sale therein contained, and pursuant to notice of sale duly published, a copy of which notice was served on plaintiff while so insane; that the State Bank of Duluth, a corporation, procured and instigated such foreclosure for the purpose of defrauding him, and procured one of its employes—one Turner—to bid off the three lots for it at said foreclosure sale; that he accordingly bid off plaintiff's two lots for the sum of $1,000, and the said lot of Solomon for $3,795.25, and paid the amount of his said bids with funds furnished by the bank; that the meager sum of $1,000 was so bid for plaintiff's two lots for the reason that Turner and the bank knew that plaintiff would be wholly incompetent to redeem on account of his insane condition, and with the fraudulent intention and expectation that the bank would, on account of plaintiff's condition, be able to procure said two lots for that sum, though they were then of the value of $10,000; that, if plaintiff was sane, he would have been able to redeem said lots, as said parties well knew, but that by reason of his insanity he was not able to and did not redeem them; that in the meantime Turner assigned the sheriff's certificate of foreclosure sale to the bank, and thereafter the bank made an assignment to defendant for the benefit of its creditors; and that, after the year to redeem expired, defendant brought an action

against plaintiff in the municipal court of Duluth to recover possession of the two lots, recovered judgment therein, and a writ of restitution was issued on such judgment, and under the same plaintiff was ousted from possession. The prayer is that the foreclosure be set aside and that plaintiff be allowed to redeem.

The defendant answered, admitting all of the foregoing allegations except the charges of fraud and the insanity of plaintiff, alleged that the judgment above referred to was entered July 13, 1896, and pleads the same in bar of this action. On the trial before the court, without a jury, the defendant objected to the introduction of any evidence, on the ground that it appeared by the pleadings that said judgment is a bar to this action. The objection was sustained, the court found for defendant on his counterclaim on which he sought to quiet his title, and, from an order denying a new trial, plaintiff appeals.

Respondent does not claim on this appeal that the complaint, leaving out the allegations as to said judgment, does not state facts sufficient to constitute a cause of action, (see Encking v. Simmons, 28 Wis. 272), but his claim is that the cause of action is barred by said judgment. It appears by the proceedings set out in the answer that the action brought in the municipal court was one of forcible entry and detainer, brought under G. S. 1878, c. 84, G. S. 1894, §§ 6108-6127. Respondent does not claim that an action for possession brought under this chapter in a justice's court would be a bar to the present action, but he claims that the municipal court of Duluth has power to try the question of title here involved, and that, by failing to set up as a defense in that action what plaintiff claims in this action, he is barred.

Sp. Laws 1891, c. 53, § 1, provides that the municipal court of Duluth

"shall have jurisdiction to hear, try and determine civil actions and proceedings as follows:  *  *  *  Seventh, to hear and to determine all questions that may arise in actions before it, brought under chapter 84, General Statutes 1878, and the amendments thereto, relating to forcible entries and unlawful detainer, whether involving the title to real estate or otherwise."

Section 20 provides,

"Whenever a counterclaim in excess of five hundred (500) dollars or where any equitable defense or ground for equitable relief is inter-

posed, or where it appears that the title to real estate is involved, save as is provided in section one (1), subdivision seven (7) of this act, said court shall immediately cause an entry of the fact to be made of record, and cease all further proceedings in the case, and within twenty (20) days thereafter certify and return to the district court of said county of St. Louis a transcript"

of the case, and the action shall be tried in the latter court. Section 26 provides:

"Whenever the title to real estate, for the possession of which action is brought under chapter 84 of the General Statutes 1878, is involved and determined in this court, the person aggrieved thereby may, after written notice of the judgment entered in this action, apply to the court, and have said cause transferred to the district court for the county of St. Louis."

It is clear that section 20 does not authorize an action brought under G. S. 1878, c. 84, (G. S. 1894, §§ 6108-6127), to be certified to the district court. Section 26 provides that when the title to real estate is involved in such an action, it may, after judgment, be transferred to the district court for a second trial.

Under this statute it is held in Norton v. Beckman, 53 Minn. 456, 55 N. W. 603, that an equitable defense, which can only be made available by the obtaining of affirmative equitable relief, such as specific performance, cannot be entertained in said municipal court. Respondent contends that plaintiff needed no affirmative equitable relief in order to have availed himself in the municipal court action of said defense to the foreclosure in question; that the alleged fraud in the foreclosure is a legal defense, or, at least, an equitable defense which requires no affirmative relief before it can be made available, and that, therefore, Norton v. Beckman does not apply. We cannot agree with respondent. The foreclosure in question appeared on its face to be legal and valid, the letter of the law had been strictly complied with. The fact that the mortgagor had become insane after the execution of the mortgage did not prevent the exercise of the power of sale, though a court of equity requires a higher degree of fidelity in those who sold and bought under the power knowing that the mortgagor was in this helpless condition. Such a foreclosure sale is merely voidable, not absolutely void, and no one should be allowed to impeach it collaterally. In our opinion the fraud alleged is of a kind which is cognizable only by a court of equity. The only rem-

edy which plaintiff had is an action in equity for the rescission of the foreclosure sale on account of the fraud, and for leave to redeem. The foreclosure sale is valid until thus set aside. Then the case comes within the rule of Norton v. Beckman, and the cause of action set up in the complaint could not have been pleaded and proved in the action in the municipal court.

The order appealed from is reversed, and a new trial granted.

### On Motion for Set-Off.

#### July 9, 1897.

A motion was subsequently made to offset the judgment for costs in the supreme court against one rendered in the district court against plaintiff and in favor of defendant's assignor, which motion was denied.

MITCHELL, J. Motion by defendant to offset a judgment rendered in this court in June, 1897, in favor of the plaintiff, for $103.75, costs and disbursements of the appeal in this action, against a judgment rendered in February, 1891, in the district court of St. Louis county, against the present plaintiff, and in favor of defendant's assignor, for over $6,000. Plaintiff being insolvent, and without means to pay the expenses of this suit, his attorneys advanced and paid them for him, under a special agreement with him that they should have a lien upon any judgment obtained in this action, to the extent of the amount thus advanced, and of their services as attorneys. The judgment for $103.75, aside from the $25 statutory costs, is entirely for disbursements thus made by plaintiff's attorneys under the agreement referred to. They gave defendant notice of their claim of lien on the judgment before he made this motion to offset the judgment.

The practice of courts in setting off one judgment against another is founded on their general jurisdiction over suitors, and is a jurisdiction that is equitable in its nature. It is founded on no positive statute or any fixed rule which compels the court to grant a set-off. Even though a set-off may legally be made, yet if, in the exercise of its discretion, the court can see that an injustice will be done by granting the set-off, it will be refused. In short, the exercise of the jurisdiction is not demandable of right, but discretionary. We do not think that the provision in G. S. 1894, § 6194, that an attorney's lien on a judg-

ment shall be "subordinate to the rights existing between the parties to the action or proceeding," at all changes this rule, or gives a party a right to a set-off demandable as a matter of right. The effect of this provision is merely to make the attorney's lien subordinate to the rights of the parties to the judgment as theretofore existing. It was evidently inserted by way of precaution, to avoid the possible inference that the lien given to attorneys was intended to be made paramount to the rights of the parties as between themselves. Under the facts of this case, we are of opinion that the set-off should not be allowed.

Motion denied.