FLORA E. MORTON v. WILLIAM URQUHART.

May 8, 1900.

Nos. 12,099—(126).

**Set-Off of Judgment—Attorney's Lien.**

In an action brought by a judgment debtor against his judgment creditor to offset mutual judgments, *held*, that the judgment debtor may, without prejudice as to an attorney's lien upon the other judgment, offset the mutual judgments, provided the action for that purpose be commenced without notice of the attorney's lien.

Action in the district court for Hennepin county praying that a certain judgment in favor of defendant and against plaintiff be offset against a judgment against defendant held by plaintiff, that

plaintiff's judgment be satisfied pro tanto, and that defendant be restrained from enforcing his judgment. James D. Shearer, who claimed under an assignment from defendant of his judgment, was made a party defendant. The case was tried before McGee, J., who found in favor of defendant Shearer. From an order denying a motion for a new trial, plaintiff appealed. Reversed

*George E. Young* and *Robert Christensen*, for appellant.

The court had power to offset the judgments against each other. Temple v. Scott, 3 Minn. 306 (419); 22 Am. & Eng. Enc. 446; Hovey v. Morrill, 61 N. H. 9; Alexander v. Durkee, 112 N. Y. 655; Simson v. Hart, 14 Johns. 63; Herman v. Miller, 17 Kan. 328; Scott v. Rivers, 1 Stew. & P. 24. Shearer, as assignee, stands in the shoes of Urquhart, and the court should have offset the judgments. People v. New York, 13 Wend. 650; Wright v. Cobleigh, 23 N. H. 32; Jones v. Chalfant, 55 Cal. 505; Haskins v. Jordan, 123 Cal. 157; Brisbin v. Newhall, 5 Minn. 217 (273); 2 Black, Judgm. § 953; 22 Am. & Eng. Enc. 457; Hobbs v. Duff, 23 Cal. 596. If the right of set-off existed at the time of the assignment to Shearer, and he took for value and without knowledge of plaintiff's judgment, or of the right of set-off, then these judgments should be set off against each other. Haskins v. Jordan, supra; Bank v. Gadsden, 56 So. C. 313; Bien v. Freund, 26 App. Div. (N. Y.) 202; Pabst v. Leuders, 107 Mich. 41; McBride v. Fallon, 65 Cal. 301; Hovey v. Morrill, supra; Hobbs v. Duff, supra; Yorton v. Milwaukee, 62 Wis. 367; Bosworth v. Tallman, 66 Wis. 533; Robeson v. Roberts, 20 Ind. 155; Wells v. Clarkson, 5 Mont. 336; Peirce v. Bent, 69 Me. 381; Bush v. Monroe, 20 Ky. L. 547. Mutual judgments will be set off against each other, even though one of them may have been assigned for the purpose of preventing such set-off. Duncan v. Bloomstock, 2 McCord, 318; Russell v. Conway, 11 Cal. 93; Hovey v. Morrill, supra; Hurst v. Sheets, 14 Iowa, 322; Martin v. Pillsbury, 23 Minn. 175; Way v. Colyer, 54 Minn. 14. See Crocker v. Claughly, 2 Duer, 684.

An attorney who obtains judgment, and afterwards becomes owner of it, cannot interpose his lien for costs and disbursements as an objection to the set-off of another judgment against it. It

cannot be held that a party has a lien upon what is his own. Perry v. Chester, 4 Jones & Sp. 228. An attorney who has not given notice of his lien for costs cannot object that an assignment of a judgment against his client, taken for the purpose of making a set-off, is in fraud of his lien. People v. New York, supra. On a bill in equity, the attorney's lien cannot be regarded, but on motion it may. Purchase v. Bellows, 16 Abb. Pr. 105; Nicoll v. Nicoll, 16 Wend. 446; Martin v. Kanouse, 17 How. Pr. 146; Ainslie v. Boynton, 2 Barb. 258; Perry v. Chester, supra. Plaintiff, not having slept on her rights and asking only equity, is entitled to equitable relief. The proceeding not being equitable, it is not addressed to the discretion of the court; and, under the facts, she has a right to demand the set-off. Simson v. Hart, supra.

*James D. Shearer*, for respondent.

The intervenor obtained a lien. G. S. 1894, § 6194. Notice is not necessary. Except in the one contingency, to prevent the adverse party from paying the debt in ignorance of the attorney's right, a lien exists as fully without as with notice. This is so as against the adverse party, as well as against the attorney's client. Perry v. Chester, 53 N. Y. 240, 244; People v. New York, 13 Wend. 650; Young v. Dearborn, 27 N. H. 324, 328; Stratton v. Hussey, 62 Me. 286, 288. If the contract for a lien was informal, yet it was sufficient if the work was done in reliance on the lien. In any event Urquhart only could take advantage of the informality of the agreement. The lien did not merge in the assignment; but if it did, this is immaterial. Kinney v. Tabor, 62 Mich. 517. The intervenor's rights under his lien and subsequent assignment were not subject to be defeated by plaintiff's right of set-off. Lindholm v. Itasca L. Co., 64 Minn. 46, 48; Lundberg v. Davidson, 68 Minn. 328, 332. The agreement between Urquhart and intervenor for a lien operated as an equitable assignment. In executing the assignment to his attorney, Urquhart did but what in equity he would have been compelled to do. Ely v. Cooke, 28 N. Y. 365, 374. So that, long before plaintiff obtained the Grimes judgment, the recovery in the preceding action had been bargained away by Urquhart to his attorney. Ely v. Cooke, supra; Rooney v. Second Ave.;

18 N. Y. 368; Zogbaum v. Parker, 55 N. Y. 120. An agreement between debtor and creditor that the latter shall have a claim on a specific fund for payment of his debt operates as an appropriation of the fund pro tanto to the payment, and as an equitable assignment of the fund to that extent; and the assignment of a chose in action may be by parol. Board v. President, 38 N. J. Eq. 36, 39. In the King's Bench in England the rule is that judgments between the parties cannot be set off so as to deprive the attorney of his lien for costs. Mitchell v. Oldfield, 4 Term R. 123, and cases cited in note 38 N. J. Eq. 37. The rule is otherwise in the Common Pleas. Id. See Collett v. Preston, 15 Beav. 458. The lien of the attorney, however, in an assigned judgment is now generally recognized as superior to any right of set-off as to judgments between the parties. Zogbaum v. Parker, supra; Davidson v. Alfaro, 16 Hun, 353, 80 N. Y. 660; Currier v. Boston, 37 N. H. 223; Boyer v. Clark, 3 Neb. 161; Rice v. Garnhart, 35 Wis. 282; Diehl v. Friester, 37 Oh. St. 473; Wells v. Elsam, 40 Mich. 218; Ripley v. Bull, 19 Conn. 53; Stratton v. Hussey, supra; Shapley v. Bellows, 4 N. H. 347. Even where the judgment sought to be set off was recovered before the other judgment. Ely v. Cooke, supra; Perry v. Chester, supra; Prince v. Fuller, 34 Me. 122; Stillman v. Stillman, 4 Lea, 271. A defendant against whom a judgment has been recovered cannot, by purchasing a judgment against the plaintiff, offset it so as to defeat the attorney's lien. Bradt v. Koon, 4 Cow. 416. A motion that one judgment be set off against another is an appeal to the equitable power of the court to be granted or refused on consideration of all the facts; and in granting such motion the claim of the attorneys for fees will be respected whenever it appears to be right in view of the facts. Diehl v. Friester, 37 Oh. St. 473. See Boyer v. Clark, supra; Currier v. Boston, supra; Duncan v. Lyon, 3 Johns. Ch. 351, 358; Simmons v. Reid, 31 So. C. 389, 392; Puett v. Beard, 86 Ind. 172; Makepeace v. Coates, 8 Mass. 451; Roberts v. Mitchell, 94 Tenn. 277.

LEWIS, J.

1. The plaintiff brought this action against the defendant Urquhart for the purpose of procuring an offset of mutual judgments.

Defendant's attorney, Shearer, was made a party defendant on the trial, claiming to have taken an assignment from defendant of his judgment against plaintiff prior to the commencement of this action. The trial below resulted in an order for judgment for Shearer. Plaintiff appeals from an order denying a new trial.

The here conceded facts are as follows: In May, 1899, defendant began an action against plaintiff in the municipal court of Minneapolis, which finally terminated in an order for judgment of date June 23, 1899, and in a judgment in favor of defendant and against plaintiff in the sum of $117.23, which judgment was entered in said court on September 5, 1899; that the attorney for defendant in that action was James D. Shearer, the intervenor in the case before us; that at the time Shearer was employed in the action it was agreed between him and the defendant that the attorney should have a lien upon any judgment that might be obtained for his reasonable attorney's fees in that action, and for any disbursements which he should make therein; that on August 30, 1899, defendant made an oral assignment of his recovery in the action, and of the judgment to be entered therein, to the attorney, Shearer; that on September 4, 1899, defendant and Shearer agreed that the attorney's fees in that action should be $101, and that his disbursements should be allowed at $4.46, and that those amounts were just and reasonable, and that no part thereof has been paid; that on September 5, 1899, an assignment in writing was made by defendant to Shearer of all defendant's interests in the judgment that day rendered in that action, which assignment was filed in the office of the clerk of the municipal court on September 18, 1899. It is further conceded that on July 1, 1899, the plaintiff purchased a certain judgment, rendered in a justice court in Minneapolis, for the sum of $86.40, in favor of one Grimes and against defendant, on October 24, 1889, which judgment was assigned by Grimes to plaintiff of date July 1, 1899, and the assignment filed in the justice court on July 3, 1899.

The summons in the present action was served upon defendant Urquhart on August 30, 1899, and at that time he was insolvent. In the original complaint the judgment against plaintiff was alleged to have been rendered on August 29, 1899. In the amended

complaint, which was served on September 15, 1899, this date is alleged to be September 5. It is conceded that plaintiff had no notice of defendant Shearer's claim of lien for attorney's fees, and no notice of any of the agreements as to fees between defendant and his attorney, and of the assignments of the judgments by defendant to Shearer, except the constructive notice of the assignment filed September 18, 1899. It is not necessary to consider whether the attorney's lien was merged in the assignment. We assume, under the findings, that there was an agreement for compensation, and that the lien became vested September 5, 1899, when the judgment was entered against plaintiff, and it is immaterial whether this lien was merged in the assignment.

Assuming that the lien still survived after the assignment, yet plaintiff had no notice of any claim of the attorney until the assignment was filed, September 18, 1899. G. S. 1894, § 6194, provides that the attorney shall have a lien for his compensation upon a judgment from the time of giving notice to the party against whom the judgment is obtained. Defendant insists that this statute was enacted purely for the benefit of the attorney, and to prevent the judgment debtor from paying the judgment creditor and leaving the attorney out; that the lien, by force of the statute confirming it, is absolute; and, in the absence of the section referred to requiring notice, the judgment debtor would stand in the same position as creditors of the judgment creditor. We are not called upon to decide what would be the respective rights of the judgment debtor and the holder of an attorney's lien against the judgment, if the statute were not in force. But it is in force, and it provides that, so far as the judgment debtor is concerned, the attorney must act. He must give notice of his rights. Granted that the object of the statute is to protect the attorney, yet that protection does not operate of itself. And if it is to prevent the judgment debtor from paying the judgment creditor, leaving the attorney out, this implies that, without notice of the lien, he may pay the judgment creditor; and, if he may pay him in money or goods, he may settle with him in any other manner; and so it follows, upon principle, that he may enforce a settlement by offsetting one judgment against the other. Again, it has been held that the equitable

right of set-off between parties to the action is superior to the claims of attorneys, without regard to the statute. An attorney can have no greater right against the judgment debtor than his client. People v. New York, 13 Wend. 650; Crocker v. Claughly, 2 Duer, 684.

Order reversed.