MARTIN COUNTY NATIONAL BANK OF FAIRMONT v. WILLIAM
BIRD. [1]

May 6, 1904.

Nos. 13,854—(29).

**Set Off.**

   An action may be maintained by the owner of a judgment to have the
   same set off pro tanto against a judgment for an administrator in a suit
   against his intestate, and continued after his demise in the name of the
   representative, where justice and equity will be promoted thereby, which
   is to be determined by the court, after a hearing on the merits, in the
   exercise of judicial discretion.

**Claim Against Estate of Decedent.**

   It is not requisite that the judgment sought to be set off against the
   judgment in favor of the administrator in such case be first proved
   and allowed in the probate court having jurisdiction of the estate of
   deceased.

**Complaint.**

   Complaint considered in this case, and *held* to set forth prima facie
   sufficient facts to authorize judgments to be set off against a demand
   of the same nature in favor of an administrator, and to require him to
   answer and defend on the merits.

Appeal by plaintiff from an order of the district court for Martin
county, Quinn, J., sustaining a demurrer to the complaint. Reversed.

*H. H. Dunn* and *Allen & Ward,* for appellant.

*Andrew C. Dunn,* for respondent.

LOVELY, J.

This appeal is from an order sustaining a general demurrer to the
complaint in an action brought to set off judgments owned by plain-
tiff against a subsequent judgment entered in favor of an administrator.

From the complaint it appears that the Martin County Bank held
several valid judgments rendered in justice court against one D. W.
Coulthard previous to the death of the latter in December, 1894,
transcripts of which were filed in the district court of the proper county
according to law. During Coulthard's lifetime an action in claim and

[1] Reported in 99 N. W. 780.

delivery was brought against him to recover personal property by the Martin County Bank, which suit was delayed for some time. Pending the continuance of this suit the defendant therein died, and an administrator of his estate was duly appointed by the probate court having jurisdiction, who was substituted in the replevin suit, and upon findings duly made in that action judgment was directed for the return of certain property to the administrator, or that judgment be entered in a specified amount, which was done. It further appears that the property whose return was adjudged in favor of the administrator had long prior thereto been disposed of, and could not be returned, whereupon judgment for its estimated value was duly entered and docketed against the plaintiff. It is also alleged that before such judgment was entered in favor of the administrator the Martin County Bank was succeeded by the plaintiff, who assumed all its legal obligations, and acquired all its rights and interests in the several judgments against intestate, which was evidenced by proper assignments. It further appears that defendant's intestate was insolvent at the time of his death, and, unless the bank judgments are set off against the judgment in favor of the administrator, the latter will be enforced; but it is not claimed that the bank judgments were ever presented to the probate court against the estate of deceased; and it is admitted that they were not. It also appears that some of the several judgments in favor of the bank involved other defendants than intestate. The relief demanded was that the judgments owned by the bank be set off against the money judgment docketed and entered in favor of the administrator pro tanto, and, if the former are not found sufficient to liquidate and extinguish the latter, that the plaintiff be permitted to pay the difference.

We cannot hold that it was a substantial objection to the demand that the bank's judgments be set off that they were not rendered in favor of the present plaintiff, for the latter succeeded to all the rights of the Martin County Bank, and held the judgments in direct privity of interest thereunder. The power of a court to order that one judgment be set off against another on proper application when the adverse judgments are between the same parties, where equity and justice will be promoted, is too well established to admit of doubt. By such course both judgments will be extinguished if they are equal in amount, or, if they are unequal, by satisfying the smaller in full and the

larger to the extent of the smaller, which may be either by a suit brought for that purpose or upon motion under proper circumstances. Thus justice will be speedily and effectually realized. This authority does not rest upon statutory grounds, but upon the general jurisdiction of courts over suitors, and is frequently exercised. Such mutual judgments are set off against each other between parties or their privies in interest to avoid the unnecessary expense of issuing and levying executions in favor of the respective parties, which is thus dispensed with, and liens removed upon the equitable theory that one judgment is to be treated as a practical payment pro tanto of that of the reciprocal judgment creditor. Black, Judgm. (2d Ed.) § 1000; Temple v. Scott, 3 Minn. 306 (419); Irvine v. Myers, 6 Minn. 398 (562); Hunt v. Conrad, 47 Minn. 557, 50 N. W. 614; Morton v. Urquhart, 79 Minn. 390, 82 N. W. 653.

In Lundberg v. Davidson, 68 Minn. 329, 71 N. W. 395, 72 N. W. 71, we held that the set-off was not demandable as an absolute right, but to be ordered in the exercise of the court's discretion. This does not mean that the authority to allow or deny the right is arbitrary, or the power to adjudge the set-off dependent upon the mere inclination of the court. The discretion to be exercised in such case is a sound legal discretion addressed to the conscience and judgment of the court, where the relationship of the reciprocal judgment creditors is such that upon equitable grounds the relief sought should be granted; and where an action is brought for that purpose, and the complaint sets forth sufficient facts to show equitable grounds which justify the relief asked, affirmative defensive matter of a legal character or addressed to the discretion of the court should be pleaded, and the cause determined after hearing upon the merits therein disclosed.

We are inclined to the opinion from the argument here that the learned trial court, in sustaining the demurrer, denied the right to set off the bank's judgments against that of the administrator upon the view that the obligations of the former had not been previously presented for allowance to the probate court as claims against intestate's estate, which it is now insisted was an essential prerequisite to authorize the relief which this action was brought to secure. This presents the only serious question for our determination on this appeal. The right of a defendant in an action brought by an administrator for the recov-

ery of any debt or claim in favor of his intestate to set off adverse claims is recognized by statute, and in such cases the defendant need not present his demand to the probate court, but may avail himself of the same in the district court without that formality. G. S. 1894, §§ 4519, 4520. While there is in these enactments a recognition of the right to set off reciprocal judgments, and of the authority of the judgment creditor who is proceeded against to avail himself of this privilege without first proving his claim or having it allowed in the probate court, they do not go beyond the recognition of such right in an action brought by the administrator, which is not precisely the situation here, but furnishes substantial reasons for assuming that the relief sought for the plaintiff in this action is founded upon sound legal policy, and should be conceded if it otherwise exists; for there can be no just reason why a defendant in an action by an administrator may set off a judgment without first proving it in the probate court, and cannot secure similar relief when he is threatened with execution on a judgment which has not been but may be thereafter levied; and the right to set off mutual judgments being independent of the statute, and resting upon the general jurisdiction of courts over their suitors, we are unable to appreciate any just cause why valid obligations of this character must be first submitted to the probate jurisdiction for formal proofs to authorize such a course. Such obligations are of the highest sanction known to the law, and would be established by production of record evidence in the probate court. Hence there is no reason why their owners should be denied the substantial benefits of an equitable set-off where, by reason of the death of one of the judgment debtors, the protection of his property rights is assumed by the probate court for entirely different purposes. To hold that this is required would demand the performance of what seems to us a ceremony of no practical utility.

It is undoubtedly true that no affirmative judgment above the set-off could be granted in favor of the plaintiff without having had the judgments allowed, but this is not what is sought, but to offset claims that have become fixed and indisputable, and, because the law presumes that to be done which ought to be done, declare paid that which has been equitably paid. It seems clearly apparent, upon the affirmative showing in the complaint, that the judgment pleaded by plaintiff should be set off, and unless there are reasons of a legal or equitable character, or

which address themselves to the sound discretion of the court, these cannot be assumed.

The order appealed from is reversed, and cause remanded for further proceedings.