MARGARET E. EXSTED v. GILBERT OTTO.[1]

July 21, 1939.

No. 31,668.

*Dell King Steuart,* for plaintiff.
*Joseph P. O'Hara,* for defendant.

PER CURIAM.

Plaintiff moves this court for an order to set off the judgment for costs and disbursements entered against her herein, in the sum of $33.90, upon the judgment in her favor and against defendant, entered and docketed in the district court of McLeod county May 4, 1937, for $62.70. Defendant and his attorney herein oppose the motion upon the ground that defendant is entirely without means to compensate his attorney for his work on the appeal or for the money paid by the attorney for printing the brief.

It appears that the judgment for costs embraces the $25 statutory costs, taxable in favor of the prevailing party, and some eight dollars taxed for the printing of defendant's brief, which sum was advanced by the attorney because of defendant's inability to raise the money. This judgment for costs is wholly the result of the attorney's work and advances, for which he has been paid nothing, and he now claims an attorney's lien upon this judgment.

It seems to us that on the authority of Lindholm v. Itasca Lbr. Co. 64 Minn. 46, 65 N. W. 931; Lundberg v. Davidson, 68 Minn. 328, 332, 71 N. W. 395, 72 N. W. 71; and Barnes v. Verry, 154 Minn. 252, 191 N. W. 589, 31 A. L. R. 707, the attorney's claim has merit so that this court may rightly refuse the set-off. Beecher v. Peter A. Vogt Mfg. Co. 227 N. Y. 468, 125 N. E. 831, contains an interesting review of the law of set-off of judgments in that state and indicates a trend to refuse such set-off on motion where it would defeat the attorney's right to assert his lien. We have not overlooked Morton v. Urquhart, 79 Minn. 390, 82 N. W. 653, which was an action for set-off of judgment purchased

[1]Reported in 287 N. W. 602.

by plaintiff without notice of intervener-attorney's lien. It is predicated on 1 Mason Minn. St. 1927, § 5695(5). It may be questioned whether that is in accord with the view taken of such lien in Lundberg v. Davidson, *supra,* or with this statement in Barnes v. Verry, *supra* [154 Minn. 255]:

"An attorney's lien on a judgment he has secured for his client is superior to the claim of an execution or attaching creditor of the client who levies on the judgment before notice of the claim for the lien has been given. It has long been settled that a party to a cause may not run away with the fruits of his attorney's industry and ability without satisfying the attorney's just demands. The attorney has a lien on the cause of action from the time of the service of the summons. It continues until it is satisfied or released. It is not necessary that notice of the lien be given to the opposite party or his attorneys." (Citing cases.)

It is true, defendant had no cause of action, for he was defending against one asserted by plaintiff; but the judgment for costs herein was procured by defendant's attorney, who has received no pay either for his work or the money advanced for the necessary printing. We think it would be neither just nor equitable to permit the set-off asked.

Motion denied.