## M. P. LaFLEUR v. LEONARD A. SCHIFF.[1]

April 24, 1953.

No. 35,983.

*F. Gordon Wright,* for appellant.
*Clarence O. Holten* and *James S. Eriksson,* for respondent.

KNUTSON, JUSTICE.

During the month of July 1951, plaintiff commenced this action in the Minneapolis municipal court to recover $115 alleged to have

---

[1]Reported in 58 N. W. (2d) 320.

been loaned by him to defendant. The case came on for trial on September 20, 1951.

Prior to the commencement of this action, one James D. Scarsdale had obtained a judgment against plaintiff in the district court of Hennepin county for $2,137.71. An execution was issued thereon and returned unsatisfied. Supplementary proceedings were instituted in March 1950, and in the order for such supplementary proceedings the court prohibited plaintiff from transferring or disposing of unexempt property. Plaintiff was examined in such supplementary proceedings and failed to disclose the existence of his claim against defendant upon which the present action is based. Plaintiff's present attorney represented him at such supplementary proceedings.

On September 19, 1951, prior to the trial of the present action, defendant acquired by assignment an interest in the judgment held by Scarsdale against plaintiff in the amount of $130. Thereafter, defendant attempted to file a supplemental answer in this action alleging, as an offset to any claim which plaintiff might have against him, the judgment he had so acquired against plaintiff. The court denied his right to do so, and the case proceeded to trial, resulting in findings in favor of plaintiff. Judgment was entered in plaintiff's favor for $151.20 on October 25, 1951. On October 26, 1951, plaintiff's attorney filed a notice of attorney's lien in the amount of $100 with the city clerk of Minneapolis and with the clerk of the municipal court. On the same day defendant, by his present counsel, who did not represent him in the trial of the case, served a notice of motion for an order offsetting the judgment which defendant had acquired from Scarsdale against the judgment which plaintiff had acquired against him, supported by an affidavit in which the facts stated above respecting the supplementary proceedings were included. The court granted the motion and this appeal is from that order.

It is the contention of plaintiff (1) that his attorney's lien is prior and superior to the interest in the Scarsdale judgment acquired by defendant which the court offset against the judgment

which plaintiff holds against defendant and (2) that the municipal court has no power to offset one judgment against another in any event.

Defendant contends that the Scarsdale judgment, by virtue of the order in the supplementary proceedings, became an equitable lien on all unexempt property of plaintiff and, as such, is superior to the lien of plaintiff's attorney.

1. M. S. A. 481.13 provides:

"An attorney has a lien for his compensation whether the agreement therefor be expressed or implied:

\* \* \* \* \*

"(3) Upon the cause of action from the time of the service of the summons therein, or the commencement of the proceeding, and upon the interest of his client in any money or property involved in or affected by any action or proceeding in which he may have been employed, from the commencement of the action or proceeding, and, as against third parties, from the time of filing the notice of such lien claim, as provided in this section;

\* \* \* \* \*

"(5) Upon a judgment, and whether there be a special agreement as to compensation, or whether a lien is claimed for the reasonable value of the services, the lien shall extend to the amount thereof from the time of giving notice of his claim to the judgment debtor, but this lien is subordinate to the rights existing between the parties to the action or proceeding;"

Prior to R. L. 1905 an attorney had no lien on the cause of action. Northrup v. Hayward, 102 Minn. 307, 113 N. W. 701. Under the old law we held that the equitable right of setoff between the parties is superior to the claims of attorneys. Morton v. Urquhart, 79 Minn. 390, 82 N. W. 653. This decision was based largely on the requirement of the then existing statute that an attorney must give notice of his lien. Since R. L. 1905, § 2288(3), an attorney has a lien upon the cause of action from the time of service of the summons; notice to the opposite party is not required. In Desaman v. Butler Brothers, 114 Minn. 362, 364, 131 N. W. 463, 464, we said:

"We hold that, under subdivision 3, § 2288, R. L. 1905, an attorney has a lien upon the cause of action of his client from the time of the service of the summons. This lien exists until it is satisfied or released, and does not vanish when the verdict is rendered. The statute does not require that notice of this lien be given to the opposite party or to his attorneys."

See, also, Byram v. Miner (8 Cir.) 47 F. (2d) 112, which contains an exhaustive review of our cases.

In Barnes v. Verry, 154 Minn. 252, 255, 191 N. W. 589, 590, 31 A. L. R. 707, we said:

"* * * An attorney's lien on a judgment he has secured for his client is superior to the claim of an execution or attaching creditor of the client who levies on the judgment before notice of the claim for the lien has been given. It has long been settled that a party to a cause may not run away with the fruits of his attorney's industry and ability without satisfying the attorney's just demands. The attorney has a lien on the cause of action from the time of the service of the summons. It continues until it is satisfied or released. It is not necessary that notice of the lien be given to the opposite party or his attorneys. They are required to take notice of it. Henry v. Traynor, 42 Minn. 234, 44 N. W. 11; Lindholm v. Itasca Lumber Co. 64 Minn. 46, 65 N. W. 931; Desaman v. Butler Bros. 114 Minn. 362, 131 N. W. 463; Kubu v. Kabes, 142 Minn. 433, 172 N. W. 496.

\* \* \* \* \*

"* * * A judgment debtor may purchase a judgment for the purpose of using it as a set-off, Morton v. Urquhart, 79 Minn. 390, 82 N. W. 653, 15 R. C. L. p. 823, 23 Cyc. p. 1483, but is not entitled, as a matter of right, to off-set one judgment against another, it being discretionary with the court to grant or deny such relief. Lundberg v. Davidson, 68 Minn. 328, 71 N. W. 395, 72 N. W. 71; Martin Co. Nat. Bank v. Bird, 92 Minn. 110, 99 N. W. 780."

Under the Barnes case, the lien of plaintiff's attorney is superior to the rights of plaintiff's judgment creditors. Defendant, as an

assignee of a part of the judgment held by Scarsdale against plaintiff, could acquire no greater right than his assignor had. It must follow that there could be no offset which would defeat the attorney's lien unless a prior lien existed by virtue of the order issued in the supplementary proceeding conducted by Scarsdale. In contending that Scarsdale acquired a lien upon plaintiff's claim against defendant by virtue of the court's order in the prior supplementary proceeding and that when he acquired part of the Scarsdale judgment he also acquired such lien, defendant relies upon Billson v. Linderberg, 66 Minn. 66, 70, 68 N. W. 771, 773, where we said:

"The commencement of supplemental proceedings under G. S. 1894, § 5486, by the service of the order on the judgment debtor, gives the judgment creditor an equitable lien on the assets subsequently discovered, *if he proceeds with proper diligence to discover and apply the same to the payment of his judgment.*" (Italics supplied.)

There is no claim here that Scarsdale ever proceeded with diligence to discover and apply the claim of plaintiff against defendant upon his judgment. The complaint in the present action alleges that defendant is indebted to plaintiff for money loaned to defendant by plaintiff. Defendant interposed an answer denying liability. Plaintiff thereupon moved to strike the answer as sham, and that motion was denied. In the trial of the case, the exhibits introduced by plaintiff consisted of five checks drawn by M. P. LaFleur & Associates, Inc., to defendant. From the denial of liability on the part of defendant it is apparent that he must have thought that he had a meritorious defense to the claim. The judgment clearly came into being by virtue of the labors of plaintiff's attorney.

It is also obvious that the lien of plaintiff's attorney on the cause of action came into existence, under our statute, upon service of the summons in July 1951. Defendant did not obtain an assignment of a part of the Scarsdale judgment until September 1951. It would be an abuse of judicial discretion to permit an offset under

these circumstances so as to defeat the lien of the attorney through whose labors the judgment against defendant came into existence. We hold under these circumstances that the lien of plaintiff's attorney is prior and superior to the judgment acquired by defendant against plaintiff.

■ The right to set off one judgment against another is not statutory but is an incident of the general jurisdiction of the court over its suitors and is of an equitable nature. Temple & Beaupre v. Scott, 3 Minn. 306 (419) ; Lundberg v. Davidson, 68 Minn. 328, 71 N. W. 395, 72 N. W. 71.

■ Ordinarily a court, in the exercise of its authority to set off one judgment against another, will not do so if it will defeat an attorney's lien. Lindholm v. Itasca Lbr. Co. 64 Minn. 46, 65 N. W. 931; Lundberg v. Davidson, 68 Minn. 328, 71 N. W. 395, 72 N. W. 71.

In Lundberg v. Davidson, *supra,* a motion was made in this court by defendant to offset a judgment rendered in this court for costs and disbursements of the appeal in the amount of $103.75 against a judgment rendered in the district court of St. Louis county against the present plaintiff and in favor of defendant's assignor for over $6,000. Plaintiff was insolvent and without means to pay the expenses of the suit, and his attorneys had advanced and paid them for him under a special agreement with him that they should have a lien upon any judgment obtained in the action. In holding that we should not allow the offset, we said in an opinion by Mr. Justice Mitchell (68 Minn. 332, 72 N. W. 71) :

"The practice of courts in setting off one judgment against another is founded on their general jurisdiction over suitors, and is a jurisdiction that is equitable in its nature. It is founded on no positive statute or any fixed rule which compels the court to grant a set-off. Even though a set-off may legally be made, yet if, in the exercise of its discretion, the court can see that an injustice will be done by granting the set-off, it will be refused. In short, the exercise of the jurisdiction is not demandable of right, but discretionary. We do not think that the provision in G. S. 1894, § 6194,

that an attorney's lien on a judgment shall be 'subordinate to the rights existing between the parties to the action or proceeding,' at all changes this rule, or gives a party a right to a set-off demandable as a matter of right. The effect of this provision is merely to make the attorney's lien subordinate to the rights of the parties to the judgment as theretofore existing. It was evidently inserted by way of precaution, to avoid the possible inference that the lien given to attorneys was intended to be made paramount to the rights of the parties as between themselves. Under the facts of this case, we are of opinion that the set-off should not be allowed."

■ In view of our decision on the merits, we need not determine whether the municipal court of Minneapolis has the power to offset one judgment against another. Plaintiff contends that the power to set off one judgment against another is an equitable power and, inasmuch as a municipal court has no power to grant equitable relief, that it has no power to offset one judgment against the other. Jurisdiction of the municipal court of Minneapolis is defined in Sp. L. 1889, c. 34, as amended, now M. S. A. c. 488, Appendix 1, § 2.

In Templeton v. Van Dyke, 169 Minn. 188, 193, 210 N. W. 874, 876, we said:

"* * * It is a court of record. It is vested with adequate power. In the absence of specific mention of power it is vested with all the powers which are possessed by the district courts of the state, and all laws of a general nature apply."

It is true that the municipal court has no power to grant affirmative equitable relief. Tilleny v. Knoblauch, 73 Minn. 108, 75 N. W. 1039; Norton v. Beckman, 53 Minn. 456, 55 N. W. 603; Petsch v. Biggs, 31 Minn. 392, 18 N. W. 101.

The authorities on the question of whether a court lacking equitable jurisdiction may offset one judgment against another are not in harmony. Many courts hold that, while the right to offset judgments is of an equitable nature, courts of law still may exercise the right. This seems to be the modern view. See, 31 Am. Jur., Judgments, § 899; Annotation, 121 A. L. R. 488.

Howk v. Meloy, 26 Ind. 176, 178, holds that, while justices of the peace have no equity jurisdiction, they can exercise the right of setoff, since it "is an incident of the judgments, and not an original subject matter of jurisdiction."

State v. Britton, 56 N. J. L. 218, 27 A. 1012, seemingly holds the opposite.

In our case of Morton v. Urquhart, 79 Minn. 390, 82 N. W. 653, an action was brought in the district court to offset a judgment, obtained in justice court and purchased by plaintiff, against a judgment procured by defendant against plaintiff in the Minneapolis municipal court. The jurisdiction of the municipal court to offset such judgment was not presented.

Whether the municipal court is possessed of the power to offset one judgment against another we need not now determine, nor do we now pass upon the reasonableness of the lien of plaintiff's attorney. All that we hold is that, when once established, the lien of plaintiff's attorney is superior to the rights of defendant to offset the part of the Scarsdale judgment which he acquired by assignment.

Reversed.