Charlie N. **FALCONER**, Appellant,

v.

Donald F. **ADAMS**, Appellee.

No. S–9290.

Supreme Court of Alaska.

April 6, 2001.

---

**584**

Michael W. Flanigan, Walther & Flanigan, Anchorage, for Appellant.

Clifford W. Holst, Joan Unger, Anchorage, for Appellee.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

OPINION

MATTHEWS, Chief Justice.

## I. INTRODUCTION

Charlie Falconer sued Karla Taylor Welch and Donald Adams because of a motor vehicle accident. Falconer obtained a verdict against Taylor–Welch, but Adams was exonerated and was awarded attorney's fees and costs. The question before us is whether Adams or Falconer's attorney who has a lien on Falconer's judgment against Taylor–Welch is entitled to the judgment proceeds. We conclude that because Adams is not a party to Falconer's judgment against Taylor–Welch, the attorney's lien has priority.

## II. FACTS AND PROCEEDINGS

On February 3, 1992, Karla Taylor Welch was driving a vehicle that rear-ended a stopped vehicle driven by Charlie Falconer. Falconer sued Taylor–Welch and a third driver, Donald Adams, who had allegedly forced Falconer to stop. A jury found that Taylor–Welch was negligent and that Adams was not negligent. Falconer's attorney filed a notice of an attorney's lien for attorney's fees and costs of $18,583 on any judgment in favor of Falconer. The trial court awarded attorney's fees and costs to Adams against Falconer for $10,623.25. After complex post-verdict proceedings, including an appeal,[1] a judgment of $13,873 was entered against Taylor–Welch in favor of Falconer.

Adams and Falconer disputed who was entitled to the Taylor–Welch judgment proceeds. The trial court initially ruled that Falconer's attorney had first priority. But after Adams filed a motion for reconsideration, the court ruled that Adams had priority. Falconer appeals.

## III. STANDARD OF REVIEW

The question of priority is a legal one, to which we apply our independent judgment.[2] We will "adopt the rule of law that is most persuasive in light of precedent, reason, and policy."[3]

## IV. DISCUSSION

Falconer argues that the attorney's lien has priority over Adams's claim both under AS 34.35.430 [4] and the "common fund"

---

**1.** *See Falconer v. Adams*, 974 P.2d 406 (Alaska 1999).

**2.** *See Donnybrook Bldg. Supply Co. v. Alaska Nat'l Bank of the North*, 736 P.2d 1147, 1149 (Alaska 1987).

**3.** *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

**4.** AS 34.35.430 provides as follows:

(a) An attorney has a lien for compensation, whether specially agreed upon or implied, as provided in this section

(1) first, upon the papers of the client that have come into the possession of the attorney in the course of the professional employment;

(2) second, upon money in the possession of the attorney belonging to the client;

(3) third, upon money in the possession of the adverse party in an action or proceeding in which the attorney is employed, from the giving of notice of the lien to that party;

(4) fourth, upon a judgment to the extent of the costs included in the judgment or, if there is a special agreement, to the extent of the compensation specially agreed on, from the giving of notice of the lien to the party against whom the judgment is given and filing the

doctrine. Adams contends that AS 34.35.430(b) gives him priority over the attorney's lien and that the common fund doctrine is inapplicable. Because we conclude that the attorney's lien has priority under AS 34.35.430, we do not resolve the common fund doctrine argument.

Adams argues that AS 34.35.430(b) subordinates the attorney's lien to his claim. Falconer responds that Adams is a judgment creditor who needed to garnish the judgment in favor of Falconer before the attorney's lien attached, rather than a party whose rights supercede the attorney's lien.

Subsection .430(b) speaks of "the parties to the action or proceeding" and is thus broad enough to subordinate an attorney's lien to the rights of any other party to the case. But we have interpreted this subsection more narrowly to apply only to the rights of the party paying the proceeds against which the lien is asserted. We so held as to settlement proceeds in *Williams v. Utility Equipment, Inc.*[5]

In *Williams*, Leslie Williams filed products liability claims against Utility Equipment, Kodiak Motors, and Service Manufacturers.[6] Before trial, Williams settled with Service and Kodiak.[7] A jury found for Utility Equipment, and the court awarded attorney's fees to Utility Equipment.[8] Williams's attorneys still held some of the settlement proceeds in their possession and thus had a lien on those proceeds under AS 34.35.430(a)(2).[9] Utility Equipment argued that this lien was subordinate to its rights to court-awarded fees against Williams under subsection .430(b).[10] We concluded that subsection .430(b) could only benefit the parties responsible for paying the funds on which the lien was asserted.[11] We therefore held "that this section is properly interpreted to apply only to the parties actually involved in each settlement. Utility Equipment was not a party to either pretrial settlement, and therefore is not entitled to priority under AS 34.35.430(b)." [12]

At common law it was a much disputed question whether an attorney's lien should be subordinated to an offsetting judgment.[13] But the debate only applied to "mutual" judgments: "To be mutual, they must be due to and from the same persons in the same capacity." [14] Where mutuality was lacking, there was no debate; the authorities agreed that the lien of the attorney had priority.[15]

Language in attorney's lien statutes in other states with similar subordination clauses has been interpreted to apply to set-offs.[16] One commentator observed of the Oregon statute—on which AS 34.35.430 is based [17]—

original with the clerk where the judgment is entered and docketed.

(b) This lien is, however, subordinate to the rights existing between the parties to the action or proceeding.

5. 837 P.2d 1112 (Alaska 1992).

6. *See id.* at 1113.

7. *See id.* at 1114.

8. *See id.* at 1115.

9. *See id.* at 1117.

10. *See id.* at 1115.

11. *See id.* at 1118.

12. *Id.*

13. *See Beecher v. Vogt Mfg. Co.*, 227 N.Y. 468, 125 N.E. 831, 832 (1920) (Cardozo, J.) ("The case revives the smouldering fires of an ancient judicial controversy. The beginnings may be traced to England. When judgment was to be set off against judgment, the King's Bench stood

out for the superior right of its attorneys, and maintained the lien for costs. The Common Pleas took the opposite view, and held the right of set-off superior to the lien.").

14. *Id.* at 833.

15. *See, e.g., Alexander v. Clarkson*, 100 Kan. 294, 164 P. 294, 296 (1917) (observing that when "judgments are not mutual, the ordinary rule seems to be, and ought to be, that a bona fide assignee, especially where the element of priority is involved, is protected").

16. *See, e.g., LaFleur v. Schiff*, 239 Minn. 206, 58 N.W.2d 320, 322–24 (1953) (noting that the language "this lien is subordinate to the rights existing between the parties to the action or proceeding," was included in the Minnesota attorney's lien statute to ensure that set-offs between parties were not subordinated to attorneys' similar liens).

17. *See Phillips v. Jones*, 355 P.2d 166, 170–71 (Alaska 1960).

that "[i]t seems that, from the language of the statute, the right of set-off between the parties would be superior to the rights of the attorney." [18]

Based on this background, it seems that subsection .430(b) of the statute should be limited to cases of set-offs of mutual debts. It was meant to resolve the "ancient judicial controversy" in favor of the party holding the right of set-off. There is, however, little reason to suppose that it was also intended to change a rule about which there was no debate, namely that an attorney's lien would prevail over a debt that was not mutual.

■ This case is not about a set-off or a mutual debt. Set-offs exist between two parties each of whom owes an ascertained amount to the other.[19] Likewise, as noted above, mutual debts "must be due to and from the same persons in the same capacity." [20] Here, neither definition is satisfied, for Adams wants to apply the proceeds from Falconer's judgment against Taylor–Welch to his own judgment against Falconer.

■ The authorities discussed above confirm the correctness of our holding in *Williams* that subsection .430(b) only applies to the parties actually involved in a particular settlement. They also warrant the extension of the *Williams* holding to the facts of this case. Thus a fair reading of this statute is that "rights existing between the parties" refers to each plaintiff's rights vis-a-vis each defendant's rights. The statute's use of "between" supports reading the statute as applying to two-party relationships rather than multi-party situations, for which "among" would have been a more fitting word choice. Each judgment should be considered its own "action or proceeding" for purposes of section .430. Under this reading Adams is not a party to Falconer's judgment against Taylor–Welch. Limiting subsection .430(b) to mutual or off-setting rights also comports with the general objective of section .430.[21] There is

no reason to treat this situation differently than if Falconer had brought separate suits against Taylor–Welch and Adams, in which case Adams would clearly be required to garnish the Taylor–Welch judgment before the attorney's lien was perfected in order to have priority. Based on the foregoing, we hold that, for the purposes of attorney lien priority under subsection .430(b), each judgment between each set of parties in a multiple-party case should be treated as if it arose in a separate action or proceeding.

## V. CONCLUSION

Because AS 34.35.430(b) does not apply to Adams, as he is not a party to the judgment between Falconer and Taylor–Welch, the attorney's lien has priority. We therefore REVERSE the trial court's decision and REMAND for proceedings consistent with this opinion.

**18.** B. Duval Isaminger, *Attorney's Liens*, 14 Or. L.Rev. 536, 547 (1935).

**19.** *See Black's Law Dictionary* 1538 (rev. 4th ed.1968).

**20.** *Beecher*, 125 N.E. at 833.

**21.** *See Phillips*, 355 P.2d at 172 ("[A]ttorney lien statutes are to be regarded as remedial and should be liberally construed in aid of the object sought by the legislature, which is to furnish security to attorneys for their efforts by giving them a lien upon the subject of the action.").