Hillsborough, }
April 6, 1909. }

CAVANAUGH & a.  *v.*  CHICAGO, ROCK ISLAND & PACIFIC RAILWAY & *Tr.*

A resident corporation is chargeable as trustee upon a transitory action brought in the court of this state, although the debt due from it to the principal defendant is payable in another jurisdiction.

It is not sufficient ground for refusing to charge a trustee in foreign attachment, that the ascertainment of the amount of his indebtedness to the principal defendant involves the taking of voluminous testimony and the examination of complicated accounts.

An attachment within this state of the balance due from a domestic railroad company to a foreign carrier on account of interstate traffic does not constitute an unlawful interference with interstate commerce.

FOREIGN ATTACHMENT. The question whether the Boston & Maine Railroad should be charged as trustee was transferred from the May term, 1908, of the superior court by *Pike*, J. The trustee disclosed as follows:

Q. "Can you state whether or not the Boston & Maine Railroad was indebted to the Chicago, Rock Island & Pacific Railway on the first day of January, 1906, and if so, for how much?"
A. "It was undoubtedly indebted to the Chicago, Rock Island & Pacific road on the first day of January, 1906, but I cannot here and now state the net amount of the indebtedness. The indebtedness between railroads consists not only of traffic balances, but likewise of car-service balances covering the use and interchange of freight cars; it further includes bills between the respective companies covering amounts due for repairs to freight cars. There are also many items between companies accruing in the settlement of claims for loss and damage to freight and for overcharge on inter-line or through freight, and these claims in the ordinary course of business are not received until a considerable time has elapsed after the transportation has been performed; so

in order to arrive at the net balance due to or from any railway at the close of a given month, it requires a large amount of investigation covering a long period in order to properly state the amount, or to even approximately indicate the real balance which may be due."

Q. " Would it be possible by investigation of your books to tell the amount due the Chicago, Rock Island & Pacific Railway from the Boston & Maine road upon the first day of January 1906 ? " A. " I should say it would be possible to determine the balance as shown by our books, but this balance so determined would not be the actual amount due to the Rock Island road because of the fact that there might be proportions accruing on through freight that would be settled with our next connecting road. In other words, the Rock Island road would not appear in our accounts at all because the proportions due that road would be included in the balance which we settled with our connecting line."

Q. " Could this other factor which you have mentioned be determined at all from your books ? " A. " I should say it could not."

Q. " But the amount due the Chicago, Rock Island & Pacific Railway from the Boston & Maine Railroad on the first day of January, 1906, so far as your books show, could be determined ? " A. " It could."

Q. " Can you state what that amount is now ? " A. " I cannot."

It is agreed that the foregoing may be considered as the deposition of the amounts due the Chicago, Rock Island & Pacific Railway with the exception of the exact figures, which are to be furnished by the deponent and to be taken as a part of this deposition provided it is held that the trustee is chargeable. It appeared upon cross-examination that there was nothing due the defendant from the trustee on account of any special contract or agreement to be performed in this state, and that " by mutual understanding, agreement, or course of business," all " credits on traffic balances or otherwise due " were payable in Boston.

*Burnham, Brown, Jones & Warren (Robert L. Manning* orally), for the plaintiffs.

*Branch & Branch ( Oliver W. Branch* orally), for the trustee.

PEASLEE, J.   The trustee is a resident of this state. *Smith* v. *Railroad,* 33 N. H. 337.  As such resident it is properly chargeable here upon a transitory cause of action, even if the debt due from

it to the principal debtor was payable in another jurisdiction. *Steer* v. *Dow, ante,* 95.

The disclosure is incomplete and leaves in doubt the question whether the traffic balances are so commingled with those due to other roads that they cannot be separated. It is not deemed advisable to attempt to decide questions as to these balances which may not arise when the facts are found.

The sums due for the use of cars, repair of cars, and similar items appear to be ordinary matters of debt and credit, which can be ascertained by an examination of the trustee's books. That the accounts may be lengthy or complex is no reason for refusing to apply the settled law of the state. The statute makes the trustee chargeable for the money, rights, or credits of the defendant in its possession. P. S., c. 245, s. 19. It makes no exception of cases where the evidence may be voluminous or the calculations complicated.

The trustee also claims that the sequestration of this fund is an interference with interstate commerce. There is here no attempt to seize a fund due to a carrier from a shipper. The case is simply this: Several roads are jointly interested in interstate carriage. The carriage has been completed, the shippers have paid to one of the roads the entire amount due, and this process is used to seize the portion of the fund due to another of the roads from the one to which payment was made. The interference seems more remote than that which has heretofore been held lawful. *DeRochemont* v. *Railroad, ante,* 158. The authorities now relied upon were before the court in the DeRochemont case. The conclusion then reached, that such an interference is not direct but only incidental, is reaffirmed.

*Case discharged.*

All concurred.