GEORGE McKINNEY v. I. E. MILLS.[1]

July 19, 1900.

Nos. 12,092—(238).

**Garnishment—Nonresident Parties.**

When all of the parties to an action brought in this state—the plaintiff, the defendant, and the garnishee—are nonresidents, none of them being within the state except the garnishee, who is served with a summons while he is within our borders temporarily upon business, the garnishee process must be discharged whenever the facts are brought to the attention of the court.

[1] Reported in 83 N. W. 452.

**Same—Question of Jurisdiction.**

It is the right and duty of a garnishee to raise all questions as to the jurisdiction of the court to proceed against him.

Action in the district court for Clay county against I. E. Mills, defendant, to recover $612 on a contract, and against R. J. Pratt, as garnishee. The garnishee disclosed an indebtedness of $1,400 to defendant. From an order, Baxter, J., denying the garnishee's motion to dismiss the action and the garnishee proceedings, he appealed. Reversed.

*Morrill & Engerud*, for appellant.

*C. A. Nye*, for respondent.

COLLINS, J.

The plaintiff herein, the defendant, and the garnishee were each and all domiciled in the state of North Dakota when plaintiff instituted the main action in a court of this state, and caused the garnishee summons to be served upon the garnishee, who was at the time in this state temporarily upon business, and was the only party within our jurisdiction. The indebtedness of the garnishee to the defendant arose in North Dakota, and was payable there. It never had a situs in the state of Minnesota, unless it was brought within our borders by the garnishee just prior to the service of the summons upon him.

The first question for determination is, did the service of the summons attach and seize the debt which was due and owing from the garnishee to the defendant, both parties being actual residents of another state, and the latter being domiciled without the jurisdiction of the court in which the proceedings were pending? Tested by the rule announced in Harvey v. Great Northern Ry. Co., 50 Minn. 405, 52 N. W. 905, this question would have to be answered in the affirmative. It was there said, obiter:

"For the purposes of attachment, a debt has a situs wherever the debtor can be found. Wherever the creditor might sue for its recovery, there it may be attached as his property, provided the laws of the forum authorize it. Neither is it material that the debt was not made payable in the state where the attachment proceedings are instituted."

And it is very evident that the trial court, when making the order appealed from, acted on this rule and was governed by it. But on the real facts in the Harvey case it was unnecessary for the court to make a general statement of the law, and in the later case of Swedish-American Nat. Bank v. Bleecker, 72 Minn. 383, 75 N. W. 740, these facts were clearly set forth, for the purpose of pointing out the difference between the two cases, and to demonstrate that, independent of what was said, as above quoted, the Harvey case was rightly decided. The distinction was that in the latter case the garnishee was a railway corporation doing business in Montana, where the garnishee proceedings were commenced. The debt garnished grew out of a Montana transaction, and was incurred in that state when Zeller, the main debtor, was domiciled therein. As was said in the opinion, the garnishee had a domicile in Montana for the purposes of that transaction, and the fact that Zeller subsequently left the state did not destroy this domicile or the situs of the debt for the purposes of attachment in Montana. In the latter case (Swedish-American Nat. Bank v. Bleecker) the contention was that the garnishee, a foreign corporation doing business in several different states, including Minnesota, was, for the purposes of attaching a debt due from it to the defendant, a nonresident domiciled in Minnesota, and hence subject to our garnishee laws. The court did not agree to this. The whole matter was summed up in the following paragraph in the opinion:

"Neither the creditor nor the debtor resided in this state; none of the transactions out of which the indebtedness arose took place in this state; and the indebtedness was not payable in this state. Under these circumstances, the debt has not a situs in this state,"— a large number of cases being cited.

There were also three well-considered cases cited upon the proposition that "a debtor who is only temporarily in the state cannot be charged as a trustee or garnishee." It is stated in 14 Am. & Eng. Enc. (2d Ed.) 801, that

"The decisions on the questions as to the liability to garnishment of debts owing to the defendant as affected by the situs of the debt are in irreconcilable conflict, arising from the different views of the

courts as to the situs of the debt which constitutes the res, and over which the court must be able to acquire jurisdiction, where personal service is not had upon the defendant. Where the court has acquired jurisdiction over the garnishee and also over the defendant by personal service, it would seem that there is no reason for exempting from liability to condemnation in such proceeding, on account of its constructive situs, any debt owing to the defendant."

"The general rule that the situs of a debt for the purpose of distribution, taxation, etc., is at the residence of the owner, has been practically universally acknowledged not to apply in case of garnishment proceedings."

Convincing illustrations of this are found in a large number of cases cited in support of this rule.

And also:

"A convincing illustration of the doctrine that the situs of a debt is not necessarily fixed by the residence of the creditor is shown by the cases, which universally hold that a debt due from a resident debtor to a nonresident creditor may be subjected by garnishment proceedings to the payment of claims against such creditor, though service upon such creditor is by publication only."

And it is very frankly said in note 5 that the best doctrine seems to be that debts have no fixed situs as regards garnishment proceedings.

It is not necessary for us to determine whether or not this is the best doctrine, but an examination of the adjudicated cases will convince one that, in an effort to determine the question by reference to the general rule as to the situs of the debt, the courts have involved the question in inextricable confusion. As was said by Mr. Freeman in his annotation to National v. Furtick, 2 Marvel (Del.) 35, 69 Am. St. Rep. 99, at page 116:

"Such courts confound the situs of a debt for the purpose of jurisdiction of it in garnishment proceedings with its situs for the purpose of determining the rights of the parties thereto concerning it. They lose sight of the debt as an entity having but one situs, as the personal property of him to whom it is owing."

This annotation is very complete and valuable, covering, as it does, a large number of decisions. The drift of the decisions in cases where the debt is due to a nonresident from a nonresident is well stated in 14 Am. & Eng. Enc. 803, in the following language:

"Where personal jurisdiction cannot be acquired over the defendant on account of his being a nonresident, the decisions upon the question whether a debt due to him by a nonresident may be reached by garnishment proceedings when service is had upon the latter while within the state within which the garnishment proceedings are brought are in direct conflict, arising, as heretofore said, from the attempt to give to an indebtedness a situs, and the principle that where personal jurisdiction is not acquired over the defendant, jurisdiction must be acquired over the res."

The authorities collected in note 2 sustain the text, but the opposite is not without support. See note 3. In 2 Shinn, Attachm. § 491, the author says that it is well settled

"In this country that an inhabitant in another state is not chargeable as a garnishee, although he is within the jurisdiction of the court, where he has come for temporary purpose, and the process of garnishment is therein regularly served upon him. Such a person served with process of garnishment will be discharged, whenever the fact is brought to the attention of the court."

The cases cited by the author are all well considered, and are in full accord with the statement.

From our examination of the cases mentioned in these books, we do not feel warranted in attempting to lay down any rule except in respect to the particular case in question. As before intimated, the doctrine in the Harvey case is too broad, and is not well fortified by adjudications. The court below may have been justified in relying upon it, but it is the plain duty of this court to modify the sweeping assertion therein contained. And we do so by holding that when all of the parties to an action brought in this state—the plaintiff, the defendant, and the garnishee—are nonresidents, none of them being in the state except the garnishee, who is served with summons while he is within our borders temporarily upon business, the garnishment process must be discharged whenever the facts are brought to the attention of the court. We are of the opinion that the authorities are practically agreed upon this proposition as the only one which will adequately protect nonresidents from being twice compelled to pay their debts.

2. The claim is made that the garnishee, being a mere stakeholder, has no interest in the subject-matter of the present controversy,

and for that reason cannot be heard upon the question now under consideration. It is a jurisdictional question of primary importance to the garnishee against whom a judgment is sought. It was his duty to see that the court in which such a judgment may be rendered has jurisdiction over him, as a prerequisite to the proper entry of a judgment which he may in the future, and in the state of his residence, have to rely on as a defense in an action brought therein to enforce the collection of the debt due to this defendant. He cannot, directly or indirectly, waive an objection to the jurisdiction of the court in which these proceedings were instituted. Rindge v. Green, 52 Vt. 204.

The order appealed from is reversed, and the cause remanded, with instructions to discharge the garnishee.