NORTHWESTERN LIFE & SAVINGS COMPANY v. VINCENT GIPPE.[1]

April 25, 1904.

Nos. 13,786—(39).

**Garnishment of Nonresident.**

When all the parties to an action brought in this state are nonresidents, none of them being here, and process is served upon a garnishee, who is a nonresident corporation, the court acquires no jurisdiction by such service, and cannot proceed in the action.

**Modification of Order.**

Where it appears that an order inadvertently recites jurisdictional facts, it is within the province of the court subsequently to correct and modify such order to make the same consistent with the new facts.

Action in the district court for Hennepin county by plaintiff, an Iowa corporation, to recover from defendant, a nonresident, $60 and interest upon a promissory note. Northern Pacific Railway Company, a Wisconsin corporation, was garnished and disclosed $131 due defendant as wages. Substituted service of the summons was made upon defendant, against whom judgment was entered by default in the main action. From an order, Pond, J., denying a motion for judgment against the garnishee, plaintiff appealed. Affirmed.

[1] Reported in 99 N. W. 364.

*Jay W. Crane,* for appellant.

*Stevens & Stevens,* for respondent.

The money in the hands of the garnishee is exempt. Laws 1895, c. 353, § 3; Laws 1901, c. 352, § 1; Code Civ. Proc. (North Dakota) §§ 5518, 5520, 5521. The debt has no situs in this state. McKinney v. Mills, 80 Minn. 478; Swedish-American Nat. Bank v. Bleecker, 72 Minn. 383.

Defendant has never made a general appearance and the court had a right to modify its previous order in this respect. G. S. 1894, § 5267; Jones v. Wilder, 28 Minn. 238.

It was incumbent upon the garnishee to raise the question of the situs of this debt as well as the exemption rights of the defendant. McKinney v. Mills, 80 Minn. 478.

LOVELY, J.

Plaintiff, an Iowa corporation, brought action in Hennepin county to recover on a promissory note given by defendant, in which substituted service was secured on defendant at Fargo, North Dakota. Collateral thereto, garnishment was made on the Northern Pacific Railway Company, a Wisconsin corporation, for whom defendant was performing services as an engineer in the state of North Dakota. On May 9, 1903, the garnishee appeared and disclosed that it owed the defendant $131, claiming that sum to be exempt under the laws of North Dakota. On May 20 defendant appeared and moved to dismiss the action and to discharge the garnishee, basing such claim upon facts set forth in an affidavit showing that the money earned was the wages of affiant under a contract between the garnishee and the defendant, due to the latter, and claimed to be exempt under the laws of North Dakota from seizure upon execution, garnishment, or other process. It is stated in this affidavit that the defendant did not make the same or appear on the motion generally, but only for the purpose stated. Upon this motion it was, on June 8, held that defendant had made a general appearance in the garnishee proceedings, and the motion to dismiss was denied, with costs. Leave was given in this order, however, to renew the motion to dismiss on the ground that the property was exempt, and thereafter on July 16 a further motion was made in the same court

to dismiss the action, upon the ground that the wages earned were exempt, and that the court had no jurisdiction over property of the defendant, which motion was denied upon the ground that the showing made with reference to exemptions was not sufficient for that purpose. On September 2 following, a motion for judgment was made in favor of plaintiff, and against the garnishee, for the amount of the claim, wherein defendant appeared specially for the garnishee and for the purpose of opposing plaintiff's motion, on the ground that the court had no jurisdiction over the property of the defendant and against the garnishee. The motion for judgment was denied, which is the order appealed from.

From the memorandum filed, made a part of the order, it appears that no personal service was obtained upon defendant, and that the defendant had not appeared generally either in the action or the garnishee proceedings; but while there was a recital in the order of the court entered June 8, 1903, to the effect that the defendant made a general appearance in the garnishment proceedings, the court finds, after a careful examination of the record and its minutes, that such recital was an inadvertence in the preparation of the order, and that such appearance was a special one, for the purpose only of moving for a discharge of the garnishee upon the ground that the court had no jurisdiction of the action and that the debt garnished was exempt, and held that the plaintiff corporation had its situs in the state of Iowa, and that the defendant, at all times mentioned in the principal, as well as garnishee, proceedings, was a resident of North Dakota, and the Northern Pacific Railway Company was a Wisconsin corporation, and, upon these facts appearing, the court was not authorized to enter judgment against defendant in favor of plaintiff.

The findings of fact are supported by the record, and bring the case entirely within the law previously laid down by this court, that when all the parties to an action brought in this state are nonresidents, and garnishment proceedings are instituted, the garnishee being temporarily therein, the proceedings against him must be discharged upon the ground that the court does not acquire jurisdiction by service of garnishee alone. Aultman, Miller & Co. v. Markley, 61 Minn. 404, 63 N. W. 1078; McKinney v. Mills, 80 Minn. 478, 83 N. W. 452, and cases cited.

It was also held in this last case that it was not only the right, but the duty, of the court, when such facts appeared in any way, to refuse the jurisdiction attempted to be acquired by seizing the funds in the hands of the garnishee. This rule is applicable here, and is in accordance with the general line of authorities where it is sought to secure jurisdiction of parties not within the state by service of garnishee or attachment process on the garnishee within the state. The general appearance and disclosures of the garnishee, the court not having jurisdiction over defendant, would not be a waiver of his rights. The effect of this decision is attempted to be overcome by the fact that in the first order of the trial court there is a finding that the defendant appeared generally, but this is obviated by the finding of the court in the order appealed from, based upon what we must treat as sufficient evidence, that the appearance was special, and not general, as heretofore indicated, and it is a familiar rule that the court may correct its orders to accord with the real facts as it finds them to be.

The order denying plaintiff's application for judgment is affirmed.