FRED KRAFVE v. ROY & ROY.[1]

May 18, 1906.

Nos. 14,818—(172).

**Garnishment—Debt of Foreign Corporation.**

A debt due from one foreign corporation to another foreign corporation, arising out of a contract entered into in this state at an agency of the debtor corporation, maintained therein for the transaction of its business, is subject to garnishment in an action in this state by a resident plaintiff against the creditor corporation, although the latter maintains no agency therein for the transaction of business or otherwise.

Appeal by defendant from an order of the municipal court of Minneapolis, Charles L. Smith, J. Affirmed.

*Stevens & Stevens,* for appellant.

*Harry S. Swensen* and *Francis H. Clarke,* for respondent.

BROWN, J.

This action was brought in the municipal court of Minneapolis to recover the value of services alleged to have been performed by plaintiff. Garnishment proceedings were instituted, and the Winnor-Torgerson Lumber Company made garnishee. On the return day of the summons, the garnishee appeared and disclosed that it was indebted to defendant in the sum of $293.20. Defendant, through its attorneys, appeared specially and moved to discharge the garnishee and release the property from the garnishment, and for an order dismissing the action on the ground that the court had no jurisdiction over the property of defendant and acquired none by the garnishment of the indebtedness in question. The motion was denied, and defendant appealed.

It is contended by defendant that the debt due from the garnishee had no situs in the state of Minnesota, and for this reason the court acquired no jurisdiction of the parties or the action by the garnishment proceedings.

[1] Reported in 107 N. W. 966.

It appears from the record that the plaintiff is a resident of this state; that defendant is a corporation, created and doing business in the state of Washington; that the garnishee is a corporation, created under the laws of and with its principal place of business in the state of South Dakota, but maintaining an agency in the state of Minnesota for the transaction of business therein, which agency is in charge of one of its officers. The transaction out of which the indebtedness in question arose took place in this state, and according to the showing made, was payable at Minneapolis; the usual method of payment being by draft upon a bank in this state mailed to defendant at its place of business in Washington. The question presented is whether, under such circumstances, the indebtedness can be reached by garnishment.

We are of opinion that the court below ruled correctly on the proposition. This is not a case where a nonresident debtor comes temporarily into the state and is served with garnishee summons while within its borders. Here, the garnishee, though a nonresident corporation, maintains an agency in the state for the purpose of transacting business therein; and the indebtedness arose out of a transaction occurring in the state with that agency. The authorities sustain the right of garnishment in such cases. Lancashire v. Corbetts, 165 Ill. 592, 46 N. E. 631, 36 L. R. A. 640, 56 Am. St. 275; National v. Ming, 7 Ariz. 6, 60 Pac. 720; Pittsburg v. Bartels, 108 Ky. 216, 56 S. W. 152.

It was held in Harvey v. Great Northern Ry. Co., 50 Minn. 405, 52 N. W. 905, 7 L. R. A. 84, that for purposes of attachment, a debt has a situs wherever the debtor can be found. Wherever the creditor might sue for its recovery, there it may be attached as his property. The place of payment is immaterial. The rule as there laid down, properly limited, is in accord with the general trend of the authorities. The only limitation permissible is to the effect that the rule does not apply to a debtor temporarily within the state; and such was the only qualification or modification that was intended to be suggested by Justice Collins in McKinney v. Mills, 80 Minn. 478, 83 N. W. 452, 81 Am. St. 278. In the case at bar, as already stated, the garnishee was not temporarily within the state, but had a permanent agency therein for the transaction of its business, and the case comes squarely within the rule laid down in the Harvey case, as limited and qualified in the McKinney case.

It was not necessary that it be affirmatively shown that the gar-
nishee had complied with our statutes imposing conditions upon which
foreign corporations may do business in this state. Compliance with
the statutes is presumed in the absence of a showing to the contrary.
Lehigh Valley Coal Co. v. Gilmore, 93 Minn. 432, 101 N. W. 796, 106
Am. St. 443.

The point is made that the order under review is not appealable.
It is clear that an order refusing to discharge a garnishee in an action
in which the court has jurisdiction of the parties is not appealable.
It is equivalent to an order for judgment against him, and the appeal
must be taken from the judgment. Croft v. Miller, 26 Minn. 317,
4 N. W. 45; Pillsbury v. Foley, 61 Minn. 434, 63 N. W. 1027. But
here the defendant, by his motion to discharge the garnishee and to
dismiss the action, challenges the jurisdiction of the court to proceed
further in the action, and the order is appealable. Plano Mnfg.
Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124. The appeal in Mc-
Kinney v. Mills, supra, was from a similar order.

Order affirmed.