## MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY v. FRANK L. PIERCE.[1]

March 13, 1908.

Nos. 15,523—(234).

**Garnishment—Failure to Answer.**

A garnishee who defaults thereby admits that he has property in his possession belonging to the defendant in the principal action, and thereafter is estopped to assert that the judgment in the original action is void for want of jurisdiction, because defendant has no property in the state and therefore service could not be made by publication.

**Same.**

The admission of the garnishee that he has property in his possession belonging to the defendant and the right to enter judgment thereon establishes the fact that the defendant has property within the state.

**Same—Judgment against Garnishee.**

When the garnishee defaults, and the amount of property in his possession is thus undetermined, and the summons in the original action is thereafter duly published, the court acquires jurisdiction to enter judgment against the defendant, and the garnishee is not in a position to object if the judgment is entered, upon the default of the defendant, for the full amount claimed in the complaint.

**Same.**

Jurisdiction having been obtained, the amount of the judgment entered is not material, as it is in rem, and fully satisfied by the application of the property actually attached.

**Same.**

Judgment having thus been entered in the original action, judgment may be entered for the full amount thereof against the garnishee upon his default. The court having jurisdiction to enter a judgment, the garnishee cannot question the correctness of the amount thereof.

**Disclosure after Removal of Default.**

A garnishee who has defaulted cannot make a disclosure until after the default has been removed by the court upon application duly made and good cause shown.

Action in the district court for Wilkin county to have a judgment entered in justice court against plaintiff as garnishee declared null

[1] Reported in 115 N. W. 649.

and void. The case was tried before Flaherty, J., who made findings and as conclusion of law ordered judgment in favor of defendant. From an order overruling plaintiff's motion for a new trial, and to set aside the findings of fact, conclusions of law and order for judgment, it appealed. Affirmed.

*A. H. Bright, Julius Schendel,* and *Purcell & Divet,* for appellant.
*Lewis E. Jones,* for respondent.

ELLIOTT, J.

The respondent, Pierce, brought an action in the justice court at Breckenridge, Minnesota, against R. E. Blunk to recover the sum of $58.92 claimed to be due for goods sold and delivered. On the same day the plaintiff filed an affidavit in garnishment, reciting that he believed that the appellant, the Minneapolis, St. Paul & Sault Ste. Marie Railway Company, then had property, money, and effects belonging to the defendant Blunk in its possession and under its control amounting to more than ten dollars, and that it was indebted to the said Blunk in a sum exceeding ten dollars. On the same day a summons was duly issued in the original action. Upon the filing of the affidavit the justice issued a garnishment summons requiring the railway company to appear before his court in Breckenridge, Minnesota, on August 3, 1905, at ten a. m., and disclose concerning said property, money, and effects. This summons was duly and properly served upon the company. The garnishees did not appear upon the return day of the summons, and after waiting two hours, as required by the statute, the justice made an order defaulting the garnishee and continued the action until August 31, 1905, at ten a. m. On the day the default was noted the respondent, the plaintiff in that action, filed an affidavit stating that the defendant Blunk "is not a resident of the state of Minnesota, and is not within the same, but resides in Wisconsin, at Weyerhauser, in the state of Wisconsin, as affiant verily believes." Thereupon the justice ordered that the summons in the original action should be published as provided by the statute, and this was thereafter done. The summons thus published required the defendant to appear on August 31, the day to which the garnishment proceedings had been continued. Neither the defendant nor the garnishee appeared, and judgment by default was then entered against

the defendant in the original action for $60.72 and $7.35 costs. Thereafter on the same day judgment was entered upon the default against the garnishee for the sum of $68.07.

On August 12, after the default had been entered against the garnishee, an agent of the company went before the justice and made a disclosure to the effect that Blunk was not in the employ of the company when the garnishment summons was served, and that the company owed him nothing, and had no money, property, or effects belonging to him in its possession. The garnishee made no effort to have its default set aside. It never appeared in the action, other than as just stated, and took no appeal from the judgment. After the time allowed for appeal had expired, Pierce, the plaintiff in the justice court action caused an execution to issue on the judgment which had been entered against the garnishee. Thereafter the garnishee commenced the present action to have the judgment against it declared null and void. The court found the facts substantially as above stated, and ordered judgment in favor of the defendant. A motion for a new trial was denied, and plaintiff appealed to this court.

The appellant contends (1) that the justice never acquired jurisdiction to enter the judgment against the garnishee because the defendant in the original action was a nonresident of the state, was not personally served within the state, and had no property of any kind within the state; (2) that, if the court had jurisdiction to enter judgment, it was lost by reason of the disclosure of the garnishee, made after the default had been entered, which showed that it had no property in its possession belonging to Blunk. Other questions are argued in the brief, but cannot be considered, because not raised by assignments of error.

The statute which was in force at the time this action was commenced (G. S. 1894, § 5320) provided that, "when any person, duly summoned as a garnishee, neglects to appear at the time specified in the summons, or within two hours thereafter, he shall be defaulted, and judgment shall be rendered against him for the amount of damages and costs recovered by the plaintiff in the action against the defendant payable in money; and execution may issue directly against the goods and chattels and estate of said garnishee therefor: Provided, the court may upon good cause shown remove such default and per-

mit the garnishee to appear and answer on such terms as may be just."
It does not appear that an application was made to remove the default.
Had such application been made, the justice might have granted it,
had good cause been shown, upon such terms as to him seemed just,
and his action would not have been reviewed, unless his discretion had
been abused. Goodrich v. Hopkins, 10 Minn. 130 (162). Until the
default was removed the disclosure could not be received. The fact
that the justice, after entering a default, took the disclosure of the
garnishee, does not create a presumption that an application had been
duly made and the default removed upon good cause shown. The so-
called disclosure made on August 12, was a nullity, and judgment was
properly entered against the garnishee on August 31, unless the court
had not acquired jurisdiction to enter a judgment against the defend-
ant in the original action.

The plaintiff in the action in the justice court was a resident of Min-
nesota. The defendant was a nonresident, and could not be found
within the state. The garnishee was a Minnesota corporation, and
was properly served within the state. The right to publish the sum-
mons in the original action depended upon whether the defendant
therein had property within the state. The judgment rendered in the
original action could reach only the property within the state belong-
ing to the defendant which prior to the publication of the summons
had been attached through garnishment proceedings. If the garnishee
had disclosed in due time that it was not indebted to Blunk, and had
no money, property, or effects belonging to him in its hands, the
original action would have fallen. If it had disclosed that it was in-
debted to Blunk, or had property belonging to him in its possession,
it is necessarily conceded that the summons in the original action
might have been properly published, and judgment entered and enforced
to the extent of the property thus disclosed. The garnishee for some
reason ignored the summons, and by its default admitted that it had
property in its hands belonging to the defendant Blunk of the value
of more than ten dollars. The admission, at least as against the gar-
nishee, conclusively established the fact that Blunk had property in
the state which was subject to levy and execution. A mere claim,
supported by affidavit, that the garnishee has property belonging to
the defendant, is not property. But the admission of a garnishee,

by its default, creates a liability which is property, and constitutes a basis for the publication of the summons in the original action. The admission involved in the default is as effective as a disclosure which expressly admits the same thing. The result is identically the same. The garnishee becomes liable.

The statute provides that upon default judgment shall be rendered against the garnishee for the amount of damages and costs recovered by the plaintiff in the action against the defendant, payable in money. The default of the garnishee having admitted the possession of property belonging to defendant, the justice was authorized to direct the publication of the summons in the original action. Jurisdiction for that purpose was thus conferred, and the publication of the summons was authorized. The defendant defaulted, and the plaintiff caused judgment to be rendered for the full amount claimed in his complaint. No personal judgment could be rendered against the defendant, and the judgment actually entered, regardless of its amount, would be exhausted by the application of the property which had been attached in the garnishment proceedings. The amount for which the judgment in the original action was entered was of no importance. By reason of the default the garnishee was estopped to assert that the judgment against the defendant was void, for want of jurisdiction, because the defendant had no property within the state. It admitted that essential fact when it failed to appear and disclose, and its admission of facts which created a liability, which was the basis for jurisdiction, is final. If the truth were otherwise, the garnishee should have taken the trouble to have its default set aside and a proper disclosure made. In the original action the court, therefore, had jurisdiction, and, judgment having been rendered for the full amount claimed by the plaintiff, the statute provides that judgment shall be rendered against the garnishee or the amount thus recovered, and that such judgment shall be payable in money.

We think this is the fair and reasonable construction of the statute, and gives the proper force and effect to the default of the garnishee. In seeking for the meaning of a statute, it is proper to consider the result which would follow a particular construction. The legislature cannot be presumed to intend to bring about an absurd or unjust condition. The garnishment statutes are designed to protect creditors.

without injustice to debtors or garnishees. The purpose is to require the debtor of A. to pay A.'s debt to B., and thereby be relieved from further liability to A. It is not contemplated that the garnishee shall interest himself for the protection of his creditor, who is the defendant in the original action; nor should the statute be so construed as to enable the garnishee to assist his creditor.

If the claim of the garnishee in this action is sustained, it is within the power of any person who is served with a garnishment summons and who has property in his hands belonging to a nonresident defendant to prevent the publication of the summons in the original action by simply failing to appear and disclose. Judgment cannot, under the statute, be entered against the garnishee on his default until judgment has been entered in the original action, and that cannot be done, if appellant's contention is correct, because no property of the defendant has been attached within the state. The garnishee may thus prevent the recovery of a judgment in rem, and in so doing not subject himself to any risk. It is argued, in effect, that the default judgment entered against the garnishee is void because the default judgment against the defendant is void for want of jurisdiction, and the default judgment against the defendant is void because the default judgment against the garnishee is void. By thus reasoning in a circle the result is reached that the garnishee judgment should be vacated and set aside. This reasoning gives no force to the default of the garnishee, and is unsound.

The order of the trial court is affirmed.