# FRANK F. STARKEY v. CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY and Others.[1]

February 24, 1911.

Nos. 16,812—(205).

**Garnishment of debt due to foreign defendant.**

> In an action brought by a resident plaintiff to recover damages for a negligent shipment of goods to a point in this state over the lines of the defendants, a debt due from a corporation doing business in this state to a defendant corporation not doing business in this state is subject to garnishment.

**Same — interference with interstate commerce.**

> The garnishment of such debt, it being made up of traffic balances arising out of interstate commerce, is not an interference with interstate commerce.

Action in the district court for St. Louis county against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Michigan Central Railroad Company, and Chicago, St. Paul, Minneapolis & Omaha Railway Company, to recover $332.24 damages for the negligent transportation of a carload of fruit from Benton Harbor, Michigan, to Duluth, Minnesota. Plaintiff garnisheed the defendant Omaha Railway Company and the Duluth, South Shore & Atlantic Railway Company, to attach property and money in their hands belonging to the Michigan Central Railroad Company and the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. The two last named companies appeared specially and moved separately for orders of court releasing the property shown by the disclosures of the garnishees to be in their hands. The motions were denied, Dibell, J. From orders denying the motions, the Cleveland, Cincinnati, Chicago & St. Louis Railway Company and the Michigan Central Railroad Company appealed. Affirmed.

[1] Reported in 130 N. W. 540.

[Note] As to where debt is garnishable, see note in 67 L.R.A. 209.

*How, Butler & Mitchell,* for appellants.
*C. W. Stilson,* for respondent.

SIMPSON, J.

This is a garnishment proceeding, and comes here on an appeal from an order refusing to discharge the garnishees herein. The action in which the garnishment process is issued is brought by the plaintiff, a resident of Minnesota, against the three defendant railway companies to recover damages for negligent handling of a shipment of fruit from a point in Michigan to the city of Duluth, over the lines of such railway companies. The initial carrier, receiving the shipment in Michigan, was the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, and the delivering carrier at Duluth was the Chicago, St. Paul, Minneapolis & Omaha Railway Company. The garnishee, the Duluth & South Shore Railway Company, is a foreign corporation doing business in this state and subject to service of process herein. The garnishee and defendant, the Chicago, St. Paul, Minneapolis & Omaha Railway Company, is a foreign corporation, but it owns and operates an extensive system of railway within this state, and is subject to personal service of process within this state, and was personally served as defendant in said action. The defendants the Cleveland, Cincinnati, Chicago & St. Louis Railway Company and the Michigan Central Railroad Company are foreign corporations, not doing business in this state, and not subject to personal service here.

The plaintiff, by garnishment, attached funds in the hands of the said garnishees belonging to the defendants the Cleveland, Cincinnati, Chicago & St. Louis Railway Company and the Michigan Central Railroad Company and served the summons in the action upon said defendants by publication. The funds so attempted to be impounded by garnishment consist of traffic balances arising mainly out of interstate shipments. The appellants urge that upon this state of facts the garnishees should have been discharged on their several motions, on the grounds: First, because of the residence outside of the state of the defendants and garnishees, the fund sought to be reached by garnishment is not within the jurisdiction of the courts of this state;

and, second, that the impounding or condemnation of the funds arising out of traffic balances in interstate commerce would be an interference with such commerce.

1. The essential condition in determining that, in an action brought in this state, a debt owing to a nonresident defendant may be reached by garnishment, is that the debtor be within this state subject to the process of our courts. A debt is something that may be seized in an action against the creditor. It is seized by service of process on the debtor. Wherever the debtor is found is an appropriate place for impounding the fund of the obligation. When jurisdiction depends upon the attachment of the fund, it must be acquired at a place where the debtor is subject to process, and it would seem to follow that, in cases in which jurisdiction through attachment can be acquired, it may be so acquired wherever the debtor is found, subject to such limitations as may be deemed necessary to prevent an unfair use of the process of the courts.

In Harvey v. Great Northern Ry. Co., 50 Minn. 405, 52 N. W. 905, 17 L.R.A. 84, Justice Mitchell, speaking of the right to attach a debt in a suit against a nonresident defendant, stated: "For such purpose a debt has a situs wherever the debtor can be found. Wherever the creditor might maintain a suit to recover the debt, there it may be attached as his property, provided, of course, the laws of the forum authorize it." This rule made the jurisdiction over the debtor the sole test of the situs of the debt in attachment proceedings and the sole consideration in determining whether the courts of this state would assume jurisdiction in an action against a nonresident defendant through garnishment and service by publication.

Swedish-American Nat. Bank v. Bleecker, 72 Minn. 383, 75 N. W. 740, 42 L.R.A. 283, 71 Am. St. 492, was an action brought by a plaintiff resident of this state against a defendant resident of North Dakota, in which a debt, due from a foreign insurance company to the defendant by reason of a fire loss occurring at the defendant's place of residence, was sought to be reached by garnishment. The summons was served on the defendant by publication. The garnishee had, pursuant to the laws of this state, stipulated that service might be made upon it by service on the insurance commissioner,

and the garnishment process was so served. The court held: "This did not, in our opinion, give the garnishee a domicile in this state for all purposes, or bring into this state the situs of debts which it owes elsewhere by reason of business transacted elsewhere. Neither the creditor nor the debtor resided in this state, none of the transactions out of which the indebtedness arose took place in this state, and the indebtedness was not payable in this state. Under these circumstances, the debt has not a situs in this state."

This decision was a departure from the broad rule laid down in the Harvey case. It is apparent from the statement of the facts in the case, as well as from what is said in distinguishing it from the Harvey case, that the court considered the place where the transaction occurred out of which the debt arose an important element in determining the place where the debt was subject to attachment by service on the debtor.

In McKinney v. Mills, 80 Minn. 478, 83 N. W. 452, 81 Am. St. 278, a garnishment proceeding in which the plaintiff, the defendant, and the garnishee were each domiciled in the state of North Dakota, personal service being obtained upon the garnishee while temporarily in this state upon business, Justice Collins stated: "The doctrine in the Harvey case is too broad. . . . It is the plain duty of this court to modify the sweeping assertion therein contained; and we do so by holding that when all the parties to an action brought in this state—the plaintiff, the defendant, and the garnishee—are nonresidents, none of them being in the state except the garnishee, who is served with summons while he is within our borders temporarily upon business, the garnishment process must be discharged, whenever the facts are brought to the attention of the court."

In Northwestern Life & Savings Co. v. Gippe, 92 Minn. 36, 99 N. W. 364, it was stated that the facts brought the case within the above decision in McKinney v. Mills. While this statement is not accurate because the garnishee, a Wisconsin corporation, was permanently doing business in the state of Minnesota, and subject to the service of process therein, the decision does not purport to place any other limitation on the rule announced in the Harvey case than is placed thereon by authority of McKinney v. Mills.

In Krafve v. Roy & Roy, 98 Minn. 141, 107 N. W. 966, 116 Am. St. 346, an action in which the plaintiff was a resident of this state, the defendant, a Washington corporation doing business in that state, and the garnishee, a foreign corporation maintaining an agency in the state of Minnesota for the transaction of business therein, the debt sought to be reached in the garnishment proceeding arose out of a transaction in the state of Minnesota and was payable in this state, Justice Brown stated: "It was held in Harvey v. Great Northern Ry. Co., 50 Minn. 405 [52 N. W. 905, 17 L.R.A. 84], that for purposes of attachment a debt has a situs wherever the debtor can be found. Wherever the creditor might sue for its recovery, there it may be attached as his property. The place of payment is immaterial. The rule as there laid down, properly limited, is in accord with the general trend of the authorities. The only limitation permissible is to the effect that the rule does not apply to a debtor temporarily within the state; and such was the only qualification or modification that was intended to be suggested by Justice Collins in McKinney v. Mills."

The rule first announced in this state in the Harvey case is adhered to in the subsequent decisions of this court, with certain limitations. Expressly a limitation is placed thereon to the effect that it does not apply in a case where the debtor is temporarily within the state. And to reconcile the Swedish-American Bank case it would be necessary also to hold it not applicable to a case where the transaction out of which the debt arose took place in a state other than that in which the garnishment is issued.

This principle, that the debt may be attached where the debtor is found, is sustained by ample authority outside of our state. Our remedy by attachment and garnishment has its origin in the ancient custom of foreign attachment in London. Under this custom, as the remedy of garnishment was administered, a debt was regarded as situate where the debtor was. Andrews v. Clerke, Carth. 25. The number of courts following the resulting rule in suits against nonresidents has increased since the early case in this state. In Chicago, R. I. & Pac. Ry. Co. v. Strum, 174 U. S. 710, 17 Sup. Ct. 797, 43 L. ed. 1144, the United States supreme court adopted the rule. In

the opinion by Justice McKenna it is stated: "The essential service of foreign attachment laws is to reach and arrest the payment of what is due' and might be paid to a nonresident to the defeat of his creditors. To do it he must go to the domicile of his debtor, and can only do it under the laws and procedure in force there. This is a legal necessity, and considerations of situs are somewhat artificial. If not artificial, whatever of substance there is must be with the debtor. He, and he only, has something in his hands. That something is the res, and gives character to the action as one in the nature of a proceeding in rem." Louisville & Nashville R. Co. v. Deer, 200 U. S. 176, 26 Sup. Ct. 207, 50 L. ed. 426; Baltimore v. Allen, 58 W. Va. 388, 52 S. E. 465, 3 L.R.A.(N.S.) 608, 112 Am. St. 975, and cases cited in 7 Current Law, 1868, note 48; Goodwin v. Claytor (1904) 137 N. C. 224, 49 S. E. 173, 67 L.R.A. 209, note, 107 Am. St. 479; 20 Cyc. 1036.

The facts in the present case bring it within the rule announced in the Harvey case, and without both the limitations made thereon by decisions, referred to, of this court. It is not, therefore, necessary to discuss the soundness of the suggested limitation in the Swedish-American Bank case, or the question of whether such limitation is of force in view of the language of the decision in Krafve v. Roy & Roy. In the present case the debtors are within the state of Minnesota, permanently doing business here, and subject to garnishment in proper cases to the same extent as residents of this state. The transactions out of which the attached debt arose did not take place in another state. The traffic balances making up the aggregate debt arose in many different transactions taking place in different states, some in Minnesota.

While perhaps not necessary for the determination of the question here involved, many reasons are suggested by the facts in this case why the defendants should be required to meet here the issues involved in this suit. The shipment out of which the plaintiff's claim arises terminated in this state, where the plaintiff resides. The shipment was made over the lines of three railway companies. These companies are joined as defendants. One of them is subject to service

in this state, and has been served personally.    Jurisdiction is sought to be acquired over the remaining two defendants, to the extent of their property in this state, by a garnishment of funds due them, and service by publication.    Under the conditions here existing, the debts owing by the garnishees to the nonresident defendants are subject to garnishment.

2. Subjecting this fund, a traffic balance arising from. interstate business, to the payment of an indebtedness of the defendants, will not interfere with interstate commerce.    In Conner v. Quincy, O. & K. C. R. Co., 92 Minn. 20, 99 N. W. 365, 64 L.R.A. 624, 104 Am. St. 659, it was held that a railroad car of a foreign company, sent into this state with freight to be delivered here, and then reloaded, and in the customary and usual course of business forwarded to the state from which it came, is not liable to attachment issued in an action in our courts, and this because such attachment would interfere with public traffic and interstate commerce.    The above case, however, is not an authority in favor of appellants upon the question here involved.    In that case the court had under consideration a car, an instrumentality actually in use in carrying on commerce.    The fund here involved is a result of interstate commerce, but not an instrumentality or means for carrying it on. This exact question has been passed upon adversely to appellants' contention in Davis v. Cleveland C. C. & St. L. Ry. Co., 217 U. S. 157, 30 Sup. Ct. 463, 54 L. ed. 708, 27 L.R.A.(N.S.) 823, and Cavanaugh Bros. v. Chicago, 75 N. H. 243, 72 Atl. 694.

Affirmed.