BINGENHEIMER MERCANTILE COMPANY, a Corporation, Respondent, v. LOUIS WEBER, Appellant.

NORTHERN PACIFIC RAILWAY COMPANY, a Corporation, Garnishee.

(27 A.L.R. 1392, 191 N. W. 620.)

**Garnishment — situs of debt not necessarily domicil of creditor.**

1. For purposes of garnishment under § 7567, Comp. Laws, 1913, the situs of a debt is not necessarily the domicil of the creditor.

**Garnishment — courts have jurisdiction to garnish railroads doing business in state.**

2. Where a resident of this state sues a resident of Montana, obtaining substituted service, and where he garnishees a railroad company doing business in both states, but not organized under the laws of either, and the latter makes a return, showing indebtedness owing to the defendant, it is *held*:

The courts of this state have jurisdiction to render a valid judgment in garnishment.

Opinion filed December 18, 1922.

Garnishment, 28 C. J. § 242 p. 194 n. 68, p. 196 n. 76 New.

---

Note.—On place of payment of debt as affecting jurisdiction to garnish the same, see notes in 3 L.R.A.(N.S.) 608, and 20 L.R.A.(N.S.) 264.

On jurisdiction to garnish a debt due from a foreign corporation doing business within the state to a nonresident, arising from business outside the state, see note in 27 A.L.R. 1396.

On situs of debt for purpose of garnishment, see L.R.A.1915F, 880; 12 R. C. L. 819 et seq.; 2 R. C. L. Supp. 1490; 5 R. C. L. Supp. 655.

On the question of situs of a debt for the purpose of garnishment, see notes in 69 Am. St. Rep. 117; and 72 Am. St. Rep. 188.

Appeal from an order of the District Court of Morton County, *Berry, J.*

Affirmed.

*A. T. Faber,* for appellant.

Where there is no personal service upon the defendant within the state, the court must have jurisdiction of the property or debt sought to be reached by process of garnishment, and in order to warrant a judgment against a garnishee, it is absolutely essential, that at the time of the process he should have property of the defendant in his possession within the state, or be indebted to him in an amount certain, payable therein. 20 Cyc. p. 1036 (5); Montrose Pickle Co. v. Dobson, 40 N. W. 705; Am. Cent. Ins. Co. v. Hattler, 56 N. W. 711; Buckley Pipe Line Co. v. Fee, 62 Ohio St. 543.

A court has no jurisdiction or power to acquire a garnishee having property of a defendant in its possession without the state to surrender the same into the custody of the court. Bates v. Chicago etc. R. Co. 19 N. W. 72; McShane v. Knox, 114 N. W. 955; Kuehn v. Nero, 130 N. W. 56; Swedish Am. Nat. Bank v. Blecker, 75 N. W. 740.

*Sullivan, Hanley & Sullivan,* for respondent.

All debts are payable everywhere, unless there be some special limitation or provision in respect to the payment; the rule being that debts as such have no locus or situs, but accompany the creditor everywhere, and authorize a demand upon the debtor everywhere. Chicago, R. I. & P. R. Co. v. Sturm, 43 L. ed. 1144.

Even in the case of a debt payable at a place certain, it is suable wherever the debtor may be found and served with papers. Tootle v. Coleman, 107 Fed. 41, 57 L.R.A. 120; Wyeth v. Lang (Mo.) 27 L.R.A. 651; Kansas City, P. & G. R. Co. v. Parker (Ark.) 86 Am. St. Rep. 205, 63 S. W. 996; Dinkins v. Crunden-Martin Woodenware Co. (Mo.) 73 S. W. 246; Pomeroy v. Rand, McN. & Co. (Ill.) 41 N. E. 636; Bragg v. Gaynor, 85 Wis. 468, 21 L.R.A. 164, 55 N. W. 919; Sexton v. Phœnix Ins. Co. (N. C.) 43 S. E. 479.

A creditor has the right to garnish, in a proceeding in rem, and upon constructive service of process, a debt due to a nonresident from a foreign corporation doing business within the state where the garnishment proceeding was instituted, and liable to service there. Stone v. Drake (Ark.) 96 S. W. 197; Persons v. Williams-Echols Co. (Ark.)

169 S. W. 223; Sutton v. Heinzle, 84 Kan. 756, 34 L.R.A.(N.S.) 238, 115 Pac. 560; Wiener v. American Ins. Co. (Pa.) 23 L.R.A. (N. S.) 593; E. L. Wilson Hdw. Co. v. Anderson (Tex.) 54 S. W. 928; Bristol v. Brent (Utah) 110 Pac. 356.

The criterion seems to be, not the place of payment of the debt, but the ability of the principal defendant, under the local statutes, to have maintained an action in the state in which the garnishment proceedings are commenced, against his debtor. Mooney v. Buford & G. Mfg. Co. 72 Fed. 32; Lancashire Ins. Co. v. Corbetts (Ill.) 36 L.R.A. 640, 56 Am. St. Rep. 275, 46 N. E. 631; German Bank v. American F. Ins. Co. (Iowa,) 32 Am. St. Rep. 316, 50 N. W. 53; Pittsburg, C. C. & St. L. R. Co. v. Bartels (Ky.) 58 S. W. 152; Howland v. C. R. I. & P. R. Co. (Mo.) 36 S. W. 29; Datz v. Chambers, 3 Pa. Dist. R. 353; Neufelder v. German American Ins. Co. (Wash.) 22 L.R.A. 287, 33 Pac. 870; Harris v. Balk, 49 L. ed. 1023.


BIRDZELL, Ch. J. This is an appeal from an order entered in the district court of Morton county, denying a motion of the defendant to dismiss garnishment proceedings. The plaintiff is a North Dakota corporation, the defendant a resident of Montana, and the garnishee a corporation doing business and authorized to do business in both North Dakota and Montana, but not organized under the laws of either state. The action is one to recover upon a promissory note and substituted service was obtained upon the defendant in Montana. Garnishment summons was served upon the Northern Pacific Railway Company and a disclosure made showing an indebtedness of $87.18 owing by the garnishee to the defendant. The defendant appeared specially by his attorney and moved to dismiss the garnishment. The debt owing by the garnishee to the defendant is for wages earned in Montana. The sole question presented is whether or not the indebtedness of a foreign corporation, authorized to do business in this state, to an employee for wages earned in another state, of which the employee is a resident, is subject to garnishment in this state, in a suit brought by a resident against the employee, where substituted service upon the latter is had.

Our garnishment statute, § 7567, Comp. Laws, 1913, provides:

"Any creditor shall be entitled to proceed by garnishment in any court having jurisdiction of the subject of the action against any per-

son, including a public corporation, who shall be indebted to or have any property whatever, real or personal, in his possession or under his control, belonging to such creditor's debtor, in the cases, upon the conditions, and in the manner prescribed in this chapter."

Does the garnishee corporation have in its possession, or under its control, property belonging to the plaintiff's debtor, within the meaning of the foregoing statute, so as to render such property subject to garnishment? The question of jurisdiction for garnishment, or for attachment purposes, is one that has not been found easy of solution, owing, principally, to the great variety of facts under which the question has been presented at different times, and to the seeming conflict of rights claimed under the jurisdiction of different states. For some purposes, for instance, a debt is regarded as the property of the creditor, following him wherever he may be under the maxim "mobilia sequuntur." In some jurisdictions, by force of the maxim, the situs of a debt has been held to be the domicil of the creditor and the credit could not be reached by garnishment in another jurisdiction. See, Central Trust Co. v. Chattanooga R. & C. R. Co. (C. C.) 68 Fed. 685, and cases therein cited. This, however, as will appear later in this opinion, is not the view adhered to by the weight of judicial authority. Obviously the foreign attachment and garnishment laws are framed on a theory opposed to the maxim. They presuppose that, though the debtor may be beyond the jurisdiction of the state, property left behind, in the shape of a credit, is still subject to the jurisdiction of the court to the extent that it may be applied upon such creditor's debts. Otherwise, there could be no such thing as foreign garnishment or attachment applicable to a chose in action. Harvey v. Great Northern R. Co. 50 Minn. 405, 17 L.R.A. 84, 52 N. W. 905; Lancashire Ins. Co. v. Corbetts, 165 Ill. 592, 36 L.R.A. 640, 56 Am. St. Rep. 275, 46 N. E. 631.

Since, then, for the purposes of garnishment, the credit sought to be garnished does not necessarily follow or attach to the nonresident creditor, it remains to be seen whether or not it is so far controlled by the jurisdiction of the debtor that it may be rendered subject to garnishment here. Different tests to determine the answer to this question have been proposed at various times. It has been held that jurisdiction would not exist in the forum of the plaintiff's and garnishee's domicil, if the debt sought to be garnished were payable elsewhere, or if the

debt represented business done or moneys earned by the defendant elsewhere. Missouri P. R. Co. v. Sharitt, 43 Kan. 375, 8 L.R.A. 385, 19 Am. St. Rep. 143, 23 Pac. 430; Drake v. Lake Shore & M. S. R. Co. 69 Mich. 168, 177, 13 Am. St. Rep. 382, 37 N. W. 70; Keating v. American Refrigerator Co. 32 Mo. App. 293; Todd v. Missouri P. R. Co. 33 Mo. App. 110 (overruled by Wyeth Hardware & Mfg. Co. v. H. F. Lang & Co. 127 Mo. 242, 48 Am. St. Rep. 626, 29 S. W. 1010, 27 L.R.A. 651; Bullard v. Chaffee, 61 Neb. 83, 51 L.R.A. 715, 84 N. W. 604; Wright v. Chicago, B. & Q. R. Co. 19 Neb. 175, 56 Am. St. Rep. 747, 27 N. W. 90. And too, various facts have been thought to signify that a debt was payable elsewhere when such facts would not, for other purposes, warrant such assumption.

Regardless of the conflict introduced in the authorities dealing with this question, due more or less to the consideration mentioned above, we think the true principle and rule of decision is that laid down by the United States supreme court, in the case of Chicago, R. I. & P. R. Co. v. Sturm, 174 U. S. 710, 716, 43 L. ed. 1144, 1146, 19 Sup. Ct. Rep. 797, in which it was said:

"The proposition that the situs of a debt is where it is to be paid is indefinite. 'All debts are payable everywhere, unless there be some special limitation or provision in respect to the payment; the rule being that debts as such have no locus or situs, but accompany the creditor everywhere, and authorize a demand upon the debtor everywhere.' 2 Parsons, Contr. 8th ed. 702. The debt involved in the pending case had no 'special limitation or provision in respect to payment.' It was payable generally and could have been sued on in Iowa, and therefore was attachable in Iowa. This is the principle and effect of the best considered cases—the inevitable effect from the nature of transitory actions and the purpose of foreign attachment laws if we would enforce that purpose. Embree v. Hanna, 5 Johns. 101; Hull v. Blake, 13 Mass. 153; Blake v. Williams, 6 Pick. 286, 17 Am. Dec. 372; Harwell v. Sharp Bros. 85 Ga. 124, 8 L.R.A. 514, 21 Am. St. Rep. 149, 11 S. E. 561; Harvey v. Great Northern R. Co. 50 Minn. 405, 17 L.R.A. 84, 52 N. W. 905; Mahany v. Kephart, 15 W. Va. 609; Leiber v. Union P. R. Co. 49 Iowa, 688; National F. Ins. Co. v. Chambers, 53 N. J. Eq. 468, 32 Atl. 663; Holland v. Mobile & O. R. Co. 16 Lea, 414; Pomeroy v. Rand, McN. & Co. 157 Ill. 176, 41 N. E. 636; Berry Bros.

v. Nelson D. & Co. 77 Tex. 191, 19 Am. St. Rep. 748, 13 S. W. 978; Wyeth Hardware & Mfg. Co. v. H. F. Lang & Co. 127 Mo. 242, 27 L.R.A. 651, 48 Am. St. Rep. 626, 29 S. W. 1010; Howland v. Chicago, R. I. & P. R. Co. 134 Mo. 474, 36 S. W. 29."

In addition to the authorities cited in the foregoing quotation, see, also, Stone v. Drake, 79 Ark. 384, 96 S. W. 197; Baltimore & O. S. W. R. Co. v. Adams, 159 Ind. 688, 60 L.R.A. 396, 66 N. E. 43; Leech v. Brown, 172 Iowa, 182, 154 N. W. 440; Wiener v. American Ins. Co. 224 Pa. 292, 23 L.R.A. 593, 73 Atl. 443; Biggert v. Straub, 193 Mass. 77, 118 Am. St. Rep. 449, 78 N. E. 770; Starkey v. Cleveland, C. C. & St. L. R. Co. 114 Minn. 27, L.R.A.1915F, 880, 137 N. W. 540; Wright v. Southern R. Co. 141 N. C. 164, 53 S. E. 831; National F. Ins. Co. v. Chambers, 53 N. J. Eq. 468, 32 Atl. 663; Bristol v. Brent, 38 Utah, 58, 110 Pac. 356; Rood, Garnishment, §§ 242–245.

Clearly the test of jurisdiction for garnishment, according to the foregoing authorities, is ˌwhether or not the debtor (garnishee) is subject to suit at the hands of the creditor, in the jurisdiction where the garnishment is sought. The United States Supreme Court applied this test in the case of Harris v. Balk, 198 U. S. 215, 49 L. ed. 1023, 25 Sup. Ct. Rep. 625, 3 Ann. Cas. 1084, in upholding the jurisdiction of the courts of Maryland to render a valid judgment in garnishment proceedings binding upon a nonresident creditor, where the garnishee was served while only temporarily within the state of Maryland. In this case the court said (page 226):

"The plaintiff in such proceeding in the foreign state is able to sue out the attachment and attach the debt due from the garnishee to his (the garnishee's) creditor, because of the fact that the plaintiff is really, in such proceeding, a representative of the creditor of the garnishee, and therefore if such creditor himself had the right to commence suit to recover the debt in the foreign state, his representative has the same right, as representing him, and may garnish or attach the debt, provided the municipal law of the state where the attachment was sued out permits it.

"It seems to us, therefore, that the judgment against Harris in Maryland, condemning the $180 which he owed to Balk, was a valid judgment, because the court had jurisdiction over the garnishee by personal service of process within the state of Maryland."

We are of the opinion that this test, viz., the suability of the garnishee by the creditor, in the jurisdiction where he is sought to be garnished by his creditor's creditor, is more in harmony with the spirit of the garnishment statute than any other, for the reason that the statute is apparently designed to enable litigants to reach property of their debtors which the debtors themselves could reach if they desired to employ the remedies available to them within the jurisdiction.

An objection to this test was suggested by an able text writer, Wharton on the Conflict of Laws, § 368a, while the law was in a formative state. He remarked that until the United States Supreme Court should render a binding decision holding a judgment in garnishment proceedings, where the debtor was a nonresident, to be within the protection of the full faith and credit clause of the Federal Constitution, there would be danger that the garnishee might be involved in a double liability, being compelled to pay the judgment in the action in which he is garnished and the same claim again when sued by his creditor in another state. But this danger is entirely obviated by the decisions of the United States Supreme Court which clearly place the judgment obtained against a garnishee, where substituted service is had upon a nonresident defendant, within the protection of the full faith and credit clause. See Harris v. Balk, supra; Louisville & N. R. Co. v. Deer, 200 U. S. 176, 50 L. ed. 426, 26 Sup. Ct. Rep. 207. In the latter case it was expressly held that a foreign railway corporation, doing business in Florida, which had responded to process in garnishment proceedings there in an action against a nonresident debtor, served by publication, was protected by the full faith and credit clause of the Federal Constitution from subsequent suit in another state. See also Baltimore & O. R. Co. v. Hostetter, 240 U. S. 620, 60 L. ed. 829, 36 Sup. Ct. Rep. 475.

It follows from what has been said that the order of the trial court denying the defendant's motion to dismiss the garnishment proceedings was right, and it is affirmed.


CHRISTIANSON and ROBINSON, JJ., concur.

GRACE, J. (specially concurring). I concur with the principles of law announced in the syllabus.

BRONSON, J. (specially concurring). I concur in an affirmance in the absence of any showing of improper use of process in this state.