C. V. TEMPLETON v. M. S. VAN DYKE AND ANOTHER.[1]

November 19, 1926.

No. 25,604.

**Situs of debt.**
   1.   A debt has a *situs* wherever the debtor can be found.

**Wherever creditor can sue debtor he can attach debtor's property.**
   2.   Wherever the creditor might sue for its recovery there it may be reached by garnishment as his property.

**And by action in rem.**
   3.   This may be done in an action in rem even though all parties are nonresidents of the state, it being immaterial where the debt was contracted or incurred.

**Process in Minneapolis municipal court may be served by publication.**
   4.   Process in municipal court of Minneapolis may be served by publication.

Contracts, 15 C. J. p. 993 n. 95.
Garnishment, 28 C. J. p. 192 n. 50, 59; p. 194 n. 68; p. 195 n. 70; p. 196 n. 72; p. 237 n. 60.

---

See note in L. R. A. 1915F, 880; 12 R. C. L. pp. 817, 818; 2 R. C. L. Supp. 1490; 5 R. C. L. Supp. 655; 6 R. C. L. Supp. 724.

[1]Reported in 210 N. W. 874.

Plaintiff appealed from an order of the municipal court of Minneapolis, White, J., granting the motion of defendant garnishee to dismiss garnishment. Reversed.

*M. E. Culhane* and *F. C. Austin*, for appellant.

*Cobb, Wheelwright, Hoke & Benson* and *L. M. Staples*, for respondent.

WILSON, C. J.

Plaintiff appealed from an order granting the motion of the garnishee, on special appearance, to dismiss the action for want of jurisdiction.

Both plaintiff and defendant are residents of South Dakota. The cause of action arose out of a promissory note given by defendant to plaintiff's assignor in that state and payable there. The garnishee is an Indiana corporation qualified to do business in that state and also in this state. It employs defendant in that state where his wages are payable. Can plaintiff prosecute the action in the courts of Minnesota?

In this action the summons and complaint were duly issued December 24, 1925. The affidavit in garnishment was executed on that date and filed December 29, 1925. The garnishee summons and notice to defendant were issued on December 24, 1925, and delivered to the sheriff on December 29, 1925. They were served on that day. The sheriff made his return showing defendant could not be found. These papers with proper returns thereon were filed January 13, 1926, when one of plaintiff's counsel, to meet the requirement of G. S. 1923, § 9362, also filed his affidavit showing that defendant was not a resident of this state. Note of issue in the garnishment proceeding placed the matter on the calendar for January 20, 1926. The garnishee appeared as indicated and the affidavits of both parties disclosed the facts concerning which there is little if any dispute.

No service of the summons or of the garnishee summons and notice to defendant has been made upon defendant personally in or out of the state nor by mail or publication.

In Harvey v. G. N. Ry. Co. 50 Minn. 405, 52 N. W. 905, 17 L. R. A. 84, it was held that a debt has a *situs* wherever the debtor or his property can be found; and if the laws of the forum authorize it the plaintiff may maintain a suit to collect the debt and attach property.

In Aultman M. & Co. v. Markley, 61 Minn. 404, 63 N. W. 1078, it is held that where the garnishee is personally served the action may proceed in rem as to the defendant.

In Swedish Am. Nat. Bank v. Bleecker, 72 Minn. 383, 75 N. W. 740, 42 L. R. A. 283, 71 Am. St. 492, it was held that where a foreign insurance company agrees that service may be made on it by serving on the insurance commissioner it does not bring into this state the *situs* of a debt which it owes elsewhere by reason of business transacted elsewhere and hence such a debt cannot be seized in an action in rem in this state.

In McKinney v. Mills, 80 Minn. 478, 83 N. W. 452, 81 Am. St. 278, the holding in Harvey v. G. N. Ry. Co. supra, was criticised and limited by holding that jurisdiction could not be acquired of a garnishee who was temporarily in the state. This holding was reaffirmed by N. W. Life & S. Co. v. Gippe, 92 Minn. 36, 99 N. W. 364.

In Krafve v. Roy & Roy, 98 Minn. 141, 107 N. W. 966, 116 Am. St. 346, the fact is emphasized that the garnishee, though a nonresident, incurred the indebtedness to defendant in doing its business in the state through its permanent agency.

In McShane v. Knox, 103 Minn. 268, 114 N. W. 955, 20 L. R. A. (N. S.) 271, the parties were all nonresidents but personal service was made on defendant. The garnishee was a foreign corporation engaged in business in this state and personal service was made on its local agent. The court said:

"Nor is it material that plaintiff is a nonresident of this state. He had an undoubted right to bring his action in the courts of this state, under the clause of the federal constitution guaranteeing to the citizens of each state all the rights and privileges of citizens of the several states. 1 Shinn, Attach. & Garn. § 76."

In M. St. P. & S. S. M. Ry. Co. v. Pierce, 103 Minn. 504, 115 N. W. 649, the plaintiff was a resident of this state. Defendant was not. The garnishee was a Minnesota corporation and was properly served within the state. The court said:

"The right to publish the summons in the original action depended upon whether the defendant therein had property within the state. The judgment rendered in the original action could reach only the property within the state belonging to the defendant which prior to the publication of the summons had been attached through garnishment proceedings. If the garnishee had disclosed in due time that it was not indebted to Blunk, and had no money, property, or effects belonging to him in its hands, the original action would have fallen. If it had disclosed that it was indebted to Blunk, or had property belonging to him in its possession, it is necessarily conceded that the summons in the original action might have been properly published, and judgment entered and enforced to the extent of the property thus disclosed. * * * No personal judgment could be rendered against the defendant, and the judgment entered, regardless of its amount, would be exhausted by the application of the property which had been attached in the garnishment proceedings."

Our authorities were reviewed in Starkey v. C. C. C. & St. L. Ry. Co. 114 Minn. 27, 130 N. W. 540, L. R. A. 1915F, 880, where it was held that a resident plaintiff could garnishee money due, from a corporation doing business in this state, to a corporation not doing business in this state. But the transaction out of which the attached debt arose took place in this state.

The impounding of a defendant's property by garnishment and the service of the summons upon him by publication does not give the court jurisdiction to render a judgment which may be enforced against him personally, but it gives the court jurisdiction to render a judgment which may be enforced against the property so impounded and which would be valid and binding against him to that extent. Wipperman Merc. Co. v. Jacobson, 133 Minn. 326, 158 N. W. 606. The service of the garnishee summons brings the prop-

erty but not the person into court. That is why the action is treated as one in rem.

Does the court fail to acquire jurisdiction in this case? We think not. The debt has a *situs* wherever the debtor or his property can be found. Harvey v. G. N. Ry. Co. supra. The action is purely in rem against the property in the hands of the garnishee. The garnishee affidavit is the foundation for both the main action and the garnishment proceeding. The absence of personal jurisdiction over the defendant requires the plaintiff to proceed in rem against the property. Aultman M. & Co. v. Markley, supra. This of course he cannot do until the disclosure or default of the garnishee discloses property in its hands. M. St. P. & S. S. M. Ry. Co. v. Pierce, supra. The statutory affidavit under G. S. 1923, § 9362, eliminates the necessity of notice to defendant as to the garnishment proceedings. Wipperman Merc. Co. v. Jacobson, supra; Harris v. Balk, infra.

The reason for the decisions in the Bleecker, Mills and Gippe cases was that the conclusion was necessary to protect the non-resident defendant from being twice compelled to pay his debt. These cases, and particularly the Mills case, modified the Harvey case by holding in effect that no jurisdiction is acquired over the garnishee if he be but temporarily within the state. This was apparently upon the theory that the *situs* of the debt does not follow the debtor in his casual or temporary journey into another state. (See criticism in note 27 A. L. R. 1407). After the opinions were filed in these three cases the highest court in our land, which is controlling on questions of this character, nullified the reasons for the conclusion of this court. It said that a judgment against a garnishee, properly obtained according to the law of the state and paid, must under the full faith and credit clause of the Federal Constitution be recognized as a payment of the original debt, by the courts of another state, in an action brought against the garnishee by the original creditor. Harris v. Balk, 198 U. S. 215, 25 Sup. Ct. 625, 49 L. ed. 1023, 3 Ann. Cas. 1084; L. & N. R. Co. v. Deer, 200 U. S. 176, 26 Sup. Ct. 207, 50 L. ed. 426; B. & O. R. Co. v. Hostetter, 240 U. S. 620, 36 Sup. Ct. 475, 60 L. ed. 829; C. R. I. & P. Ry. Co.

v. Sturm, 174 U. S. 710, 19 Sup. Ct. 797, 43 L. ed. 1144. The theory of temporary presence in the state was also rejected. It was said that the obligation of the debtor to pay his debts clings to and accompanies him wherever he goes. In the instant case it can hardly be said that the garnishee was temporarily in the state since it was conducting an authorized business in the state. But this is no longer material. The fact that it could have been subjected to process in South Dakota is not important. Many defendants who are sued in this state by nonresidents are also amenable to process in the state where the plaintiff resides. In an action of this character the plaintiff is in law the representative of the creditor of the garnishee. If such creditor himself has the right to prosecute an action to recover the debt in this state, and here he has, his representative has the same right as representing him and may garnish or attach the debt provided he complies with the law of the forum. This, plaintiff has done.

The effect of Harris v. Balk was to strike down the limitations which this court had placed upon the Harvey case and leaves its original holding unimpaired. It states the correct rule. Waples, Debtor & Creditor, c. 13; Bingenheimer Merc. Co. v. Weber, 49 N. D. 312, 191 N. W. 620, 27 A. L. R. 1392.

We cannot adopt the claim that service by publication cannot be obtained in the municipal court. It is a court of record. It is vested with adequate power. In the absence of specific mention of power it is vested with all the powers which are possessed by the district courts of the state, and all laws of a general nature apply. Sp. L. 1889, p. 599, c. 34, § 2 (L. 1917, p. 616, c. 407). Garnishment proceedings are had in analogy to such proceedings in district court. § 16.

Reversed.